61 So.2d 212 (1952)
RAINWATER
v.
BOATRIGHT et al.
No. 7892.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1952.
Simon & Carroll, Shreveport, for appellant.
J. Bennett Johnston, Shreveport, for appellees.
GLADNEY, Judge.
Robert W. Rainwater instituted this suit to recover damages for personal injuries to his minor child, Judy Rainwater. He appeals from a judgment of the trial Court rejecting his demands.
Appellant alleges that at 4:15 o'clock P. M. on February 8, 1950, Judy Rainwater was preparing to cross from the west to the east side of Fairfield Avenue, at the intersection of East 63rd Street in the City of Shreveport, Louisiana; that prior to crossing Fairfield Avenue at said intersection, Judy stopped on the west curb in the crosswalk and looked carefully to the right and to the left; that the only vehicle within 300 feet approaching the point where Judy had stopped was a Ford coupe automobile approximately 100 feet to the south proceeding in a northerly direction on Fairfield Avenue; that Judy started across Fairfield Avenue and when she had reached a point approximately 4 feet west of the east curb line of said Avenue she was struck by the Ford automobile, and that after being struck Judy was pushed or dragged a distance of about 54 feet. The petition further alleges the extent of her treatment and her injuries which included a complete fracture of the right femur, severe lacerations and bruises of her left hand, arm and body. It is averred that as a result of said accident, one leg is approximately one-half inch shorter than the other which causes her to walk with a limp and to tire more easily.
It is charged that the automobile above referred to was being driven and operated by the defendant, Mrs. Lucille Boatright, in a negligent manner in that Mrs. Boatright was driving at an excessive and dangerous rate of speed, by her failure to maintain a proper lookout, and by her failing to have and bring the automobile under proper control so as to avoid the accident.
Made respondent with Mrs. Lucille Boatright is her husband, Jesse M. Boatright, it being charged that the car was being driven for the benefit of the community of acquêts and gains existing between the husband and wife.
The answers of respondents were in the nature of a general denial as to all material allegations of fault. It was affirmatively pleaded by respondents that at the *213 time and date above set forth Mrs. Boatright, accompanied by her mother, Mrs. J. B. Sibley, was traveling in a 1941 Ford coupe north on Fairfield Avenue at a speed not in excess of 15 miles per hour; that when they had reached a point near the intersection of Fairfield Avenue and 63rd Street, and at a point on the east side of Fairfield Avenue opposite Jo Ann Ice Cream Factory, or store, she felt or heard a bump on the left rear of her automobile; that Mrs. Sibley also heard the bump and after the car had proceeded in a northerly direction of approximately 30 or 40 feet respondent's mother, while looking back saw a child lying in the street and immediately exclaimed: "There is a child lying in the street"; and that respondent immediately stopped the car and got out and ran back to the child and assisted her in every manner. Respondent further alleges that she was driving her automobile as she reached the intersection above referred to in a careful and prudent manner on her right side of the street, the east side of Fairfield Avenue, at a speed not in excess of 15 miles per hour; that she was keeping a proper lookout in all directions; and that the front of her car did not hit said child, nor did the left fender hit said child. She also avers that though she did not see any impact between the child and her car, the child, Judy Rainwater, ran out from between two cars which were parked on the left or west side of Fairfield Avenue in front of the Jo Ann Ice Cream Factory and ran into the left rear fender and left rear wheel of respondent's car. It is specifically denied that the automobile dragged the child or that the left rear wheel ran over the said child.
The record reveals that at the time of the accident Judy Rainwater was five years of age. Contributory negligence, therefore, cannot be attributed to a child of such tender years. Bodin v. Texas Company, La.App., 1939, 186 So. 390; Borman v. Lafargue, La.App., 1938, 183 So. 548.
A motorist aware of the presence of children is held to the highest degree of care in the operation of the motor vehicle. In Stamps v. Henderson, La.App., 1946, 25 So.2d 305, 308, it is said:
"The jurisprudence of this state teems with decisions discussing and defining the duty of motorists toward children on sidewalks and along or near to roadsides. There is some lack of uniformity in pronouncements of the courts on that subject. In the final analysis, the facts of each case must and do, as a rule, determine the question of liability or nonliability. However, the courts have made it clear that a motorist is held to a high degree of care in the operation of a motor vehicle on the streets and highways where children assemble or walk, to the end that they be not injured or killed, notwithstanding youthful indiscretion and propensity."
A further statement of the standard of care required is to be found in McMorris v. Graham, La.App., 1937, 176 So. 630, 632. It is as follows:
"A motorist passing children playing or riding on the streets is required to use proper care in giving the necessary signals, in bringing his car under control, and in anticipating the unusual and impulsive actions characteristic of persons of immature years. This rule implies that when the motorist sees a child or young person on the street ahead of him, he must be ready to guard against an unexpected and sudden movement on the part of the child calculated to endanger the child's safety, and the motorist must anticipate that young persons will not always act to protect themselves from danger as will a mature adult under the same circumstances. 2 Blashfield's Cyclopedia of Automobile Law and Practice (Permanent Edition) p. 540, § 1501 and § 1502, p. 544; Albert v. Munch, 141 La. 686, 75 So. 513, L.R.A. 1918A, 240; Guillory v. Horecky, 185 La. 21, 168 So. 481; Cimo v. Karstendiek, La.App., 173 So. 548.
"But the motorist is not the insurer of the safety of children playing or *214 riding in the street. If the motorist has used all reasonable precautions to avoid an accident, and the sudden act of the child creates an emergency rendering it impossible for the motorist to avoid hitting the child, the accident is said to be unavoidable, and there is no liability. 2 Blashfield's Cyclopedia of Automobile Law and Practice (Permanent Edition) page 532, § 1498; Rodriquez v. Abadie, La.App., 168 So. 515."
If the evidence presented by the record before us indicates that Mrs. Boatright was negligent or at fault it would be consistent with the foregoing settled principle of law to pronounce judgment in favor of appellant. However, if the defendant, Mrs. Lucille Boatright, committed no act of negligence which can be said to have caused the injuries to Judy Rainwater, judgment should accordingly be rendered in favor of respondents.
Following the trial of this case in the Court below, judgment was rendered rejecting plaintiff's demands. It is incumbent upon this Court to carefully review the correctness of that judgment.
Appellant argues the decree appealed from is in error in not holding Mrs. Boatright at fault and charges that she was negligent in driving her car at an excessive rate of speed and in failing to maintain a proper lookout.
We have no difficulty in resolving the first contention in favor of defendant, Mrs. Boatright. She testified that she was driving very slowly and not in excess of 15 to 20 miles per hour. She is corroborated by her mother, Mrs. Sibley, and by Mrs. Pearl Beard Ford, who was meeting Mrs. Boatright at the time the child attempted to cross the street. Mrs. Ford described defendant's car as "coming toward me very slowly". She further stated: "* * * Someone called to the driver of the car and they stopped immediately, and they were going so slowly that they could hear someone call, * * *". It is true that Mr. A. W. Rambin estimated Mrs. Boatright's speed at 35 miles per hour but we cannot accept this testimony as being correct. Just before Judy Rainwater attempted to cross the street Mr. Rambin had parked his car in front of the Jo Ann Ice Cream Factory which was operated by his wife, in anticipation of entering that place of business. His testimony is considerably weakened by impeaching statements of W. L. McFerrin, the investigating officer, who testified Rambin told him he did not see the accident. The evidence, we think, preponderates to the effect that Mrs. Boatright was proceeding at a moderate and reasonable rate of speed at the time of the unfortunate accident.
Our next inquiry is as to whether Mrs. Boatright was aware of the presence of the child before the child was struck. There were a number of eyewitnesses who gave important testimony bearing upon the manner in which the child was struck by the automobile. Plaintiff produced witnesses A. W. Rambin and Ralph Jordan. Mr. Rambin testified that he saw Judy Rainwater just as she came out of the store and that Judy proceeded to the corner where she waited and looked both ways and then darted across the street. His testimony follows:
"Q. What happened as she started across the street? A. She started crossing the street and a car, I judge it was coming about thirty-five miles an hour, and the left fender hit her in the front.
"Q. Where was her position in the street there at the time she was struck by the car? A. About the middle.
"Q. What did the fact of being struck by the car do to her? A. Knocked her up in front on the street.
"Q. About how far up front? A. I imagine about forty or fifty feet.
"Q. Forty or fifty feet toward the north? A. Right in front of Jo Ann.
"Q. What did you do when this happened? A. Well, I ran and holloed to my wife and went out and picked the kid up."
Ralph Jordan was a news boy fourteen years of age. He was on the east side of Fairfield Avenue and north of the Jo Ann Ice Cream Factory folding his papers. *215 He was near the curb by a vacant lot. He testified he saw Judy come out of the store and cross from behind a parked car and as she came across the street the Boatright car was coming. On direct examination Jordan testified that the child was struck by the left front fender and he could not see whether the car went over her or not. On cross-examination he corrected this testimony to say that the child struck the left side of the car about the wheel.
Mrs. Lucille Boatright, Mrs. J. B. Sibley, Clyde Tew, Jackie Hearon and Mrs. Pearl Beard Ford were witnesses produced by the defendants. Both Mrs. Boatright and Mrs. Sibley testified that the first knowledge they had of the child was when they heard a bump on the back of the car and Mrs. Sibley looked back to recognize the child on the ground. Mrs. Boatright said she immediately stopped and went back to render assistance to the child.
Clyde Tew and Jackie Hearon were two fifteen year old boys who were sitting on the vacant lot on the west of Fairfield Avenue opposite Jo Ann Ice Cream Factory. They both testified the little girl came out of the store and ran across the street and into the left front fender of the automobile, striking the latter between the front wheel and the door. They both stated the car did not run over the child. They testified the car was proceeding at a moderate speed.
Mrs. Pearl Beard Ford gave this version of what she saw:
"Q. Will you just state in your own words just exactly what happened and what you were doing and just everything that you saw in your own way? A. Well, I was alone. I was driving south on Fairfield going out to the Cedar Grove A & P Store, and just as I looked up toward the school, at the Jo Ann Ice Cream place, which is right across from the school, a little girl ran out from the west side of the street, and I saw a car coming towards me very slowly, and I didn't notice who was in the car, how many people were in the car, but the little girl was looking back over her left shoulder as she ran across and I knew she didn't see the car and I thought she was going to run right in front of it, and I slowed real slow and watched and as the car came toward me the child was not in front of it and I didn't see her and I said: `Oh, she got across'; and as the car came forward there the child lay in the street over on the east side of the street, and someone called to the driver of the car and they stopped immediately, and they were going so slowly that they could hear someone call, and the woman didn't even know that the child was around. She didn't know the child had been hit at all. She told me she wouldn't have known what happened if I didn't tell her."
Our appreciation of the evidence is that there is nothing to indicate that Mrs. Boatright was aware of the presence of the child until after the child had been injured. We think the evidence is conclusive that the child darted from behind Mr. Rambin's automobile which was parked in front of Jo Ann Ice Cream Factory. She did this without looking up and down the street and at a time when the Boatright car had reached a place from which Judy Rainwater could not be seen by Mrs. Boatright. A drawing of the locale of the accident is to be found in the record. It shows Fairfield Avenue to be thirty feet in width except for a parking area directly in front of the Jo Ann Ice Cream store. Cars parked in this area protruded approximately 4 feet into the street. Mrs. Boatright's car was traveling north in its normal lane of traffic. Judy Rainwater, as she came from behind the automobile to cross to the east side of Fairfield Avenue, was hardly more than 12 feet from the path of Mrs. Boatright's car. In our opinion the child ran hardly more than this distance before being struck. We think that under these circumstances we are bound to accept the testimony of both Mrs. Boatright and Mrs. Sibley that they did not see the child before she was struck In fact, the child could not be observed by the defendant until after the child had *216 come into the street past the protruding end of the parked automobile. And, of course, until the child reached this point she could not see the approaching automobile.
These facts relieve the motorist of implication of fault. Our conclusion is that Mrs. Boatright was driving at a reasonable and slow rate of speed on her side of the highway, and that she had no opportunity to observe Judy Rainwater prior to the accident and actually she did not realize the child had been struck by her car until her attention was called to the child down in the street. Her actions do not reflect negligence.
For the foregoing reasons the judgment appealed from is affirmed at appellant's cost.