assertion that the shoulder was muddy, Cutrer makes no attempt to explain why he lost control or what measures were taken by him to keep the car from running into the other lane. Such a statement is wholly insufficient to exonerate him from fault (see Noland v. Liberty Mutual Ins. Co., supra) and it is just as reasonable to conclude that he lost control by a hazardous attempt to regain the paved portion of the road as it is to say that the car slid over from its own momentum despite the efforts of the driver to prevent it from doing so.

▆ Since we find that Cutrer was at fault, we take note of defendants' plea of contributory negligence. Counsel for defendants suggest that Rizley, the driver of the car, and the passengers (who were all asleep) were intoxicated at the time of the accident and that, if Rizley had been maintaining a proper lookout, he could have avoided Cutrer's oncoming swerving automobile.

These contentions are not impressive. Initially, there is no evidence to substantiate counsel's claim that the occupants of the Rizley car were intoxicated. The evidence discloses that Rizley had consumed one beer and one bourbon and soda the previous evening or early that morning. Furthermore, the contention that Rizley and the other plaintiffs could have extricated themselves from the emergency created by the Cutrer automobile is, in our opinion, most unrealistic.

We conclude that defendants are responsible and, in accordance with the policy established by us in matters of this type (see Mataya v. Delta Life Insurance Co., 222 La. 509, 62 So.2d 817; White v. State Farm Mut. Auto Ins. Co., 222 La. 994, 64 So.2d 245, 42 A.L.R.2d 338; Herget v. Saucier, 223 La. 938, 67 So.2d 543 and Thomas v. Checker Cab Company of New Orleans, 229 La. 1079, 87 So.2d 605) the case will be remanded to the Court of Appeal for the fixing of the amount of damages to which plaintiff is entitled.

The judgment of the Court of Appeal is therefore reversed and the case is remanded to that court for further proceedings consistent wtih the views herein expressed. The defendants shall pay all costs.

95 So.2d 143

Clarence MERSHON
v.
R. V. CUTRER et al.
No. 42950.

April 1, 1957.
Rehearing Denied May 6, 1957.

T. R. Broyles, J. L. Funderburk, Jr., Leesville, Herschel Knight, Jennings, for applicants.

King, Anderson & Swift, R. W. Farrar, Jr., Lake Charles, for defendants-respondents.

McCALEB, Justice.

This is a companion case to that of Rizley v. Cutrer, 232 La. 655, 95 So.2d 139.

For the reasons given in that case, the judgment of the Court of Appeal is reversed and the case is remanded to that Court for further proceedings consistent with the views therein expressed. The defendant shall pay all costs.

95 So.2d 143

William F. MEADE

v.

R. V. CUTRER et al.

No. 42950.

April 1, 1957.

Rehearing Denied May 6, 1957.

T. R. Broyles, J. L. Funderburk, Jr., Leesville, Herschel Knight, Jennings, for applicants.

King, Anderson & Swift, R. W. Farrar, Jr., Lake Charles, for defendants-respondents.

McCALEB, Justice.

This is a companion case to that of Rizley v. Cutrer, 232 La. 655, 95 So.2d 139.

For the reasons given in that case, the judgment of the Court of Appeal is reversed and the case is remanded to that Court for further proceedings consistent with the views therein expressed. The defendant shall pay all costs.

95 So.2d 144

The MISSISSIPPI RIVER BRIDGE AUTHORITY Acting Herein For And On Behalf of the State of Louisiana,

v.

Miss Louise SIMON, Single.

No. 42982.

April 1, 1957.

Rehearing Denied May 6, 1957.

