96 So.2d 89 (1957)
Forest MATHERNE, for himself individually, and on behalf of his son, Clyde Matherne,
v.
Robert James CROWTHER et al.
No. 4417.
Court of Appeal of Louisiana, First Circuit.
June 4, 1957.
Rehearing Denied June 28, 1957.
Writ of Certiorari Denied October 8, 1957.
Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for appellant.
A. Deutsche O'Neal, Kenneth Watkins, Houma, for plaintiff-appellee.
Pugh, Lanier & Pugh, Thibodaux, Adams & Reese, New Orleans, for defendant-appellee.
TATE, Judge.
The facts and legal issues as to liability are discussed in the companion case, Guidry v. Crowther, La.App., 96 So.2d 71, rendered this date. For the reasons stated therein, the District Court correctly held appellants liable.
Appellants alternatively urge that the damages awarded to plaintiff were excessive.
Aside from special damages, the District Court awarded $27,000 for pain, suffering, and a somewhat disabling knee injury, and for certain minor disfiguring scars, sustained by Clyde Matherne, a rear seat passenger in the Guidry car, and the minor son of Forest Matherne, who brought suit herein in his son's behalf and also individually for Clyde's medical expenses resulting from the aforesaid injuries.
*90 Clyde Matherne, a high school student, suffered as well as cuts and lacerations about his face and head, a very severe laceration of his left knee, requiring his initial hospitalization for five days, and the use of crutches for approximately four weeks. The severe laceration of the knee divided the tendon of the leader muscle of the upper left leg.
Following Clyde's initial discharge, the attending physician estimated a residual disability of the knee of 10-15% because of a defect in the tendon caused by the accident. Because of this, and because over the year or so subsequent to the accident Clyde's knee showed a predisposition to an infectious swelling upon twisting or strenuous use, this doctor was of the opinion that Clyde's knee barred him from participation in athletics and made inadvisable his undertaking employments involving excessive use of the knee.
At the time of trial, Clyde was employed at the Avondale Works as a "machinists' helper" at $1.40 per hour, which he testified did not involve climbing and other exceptionally strenuous use of the knee.
Clyde was readmitted to the hospital from August 5-15, 1954, less than a month after the accident, when he slipped and twisted his knee on vacation at Biloxi, Miss., as a result of which an infectious swelling occurred; and again from April 8-15, 1955, when the same condition resulted when he slipped and twisted his knee while playing baseball. The District Court found, correctly in our opinion, that the injuries sustained in the automobile accident had introduced an infectious condition into the knee, flare-ups of which might be precipitated by subsequent injuries and had probably been in these instances and also in a subsequent incident in the military service when Clyde tripped over a tent-rope, as a result of which he was discharged after six months' service.
A majority of the court has determined, however, that the subsequent reinjuries were as much a result of Clyde's strenuous activities, in which he engaged so relatively soon after the accident, at the time as of the predisposition resulting from the accident; and that under the peculiar facts of this injury the preferable method of making an award would be to have the lump sum include an award for this predisposition to re-injury, the extent and duration of which the doctor frankly admitted could not be definitely known. We feel that under the particular circumstances of this case the extent to which the traumatically-induced predisposition contributed to subsequent hospitalizations, or might in the future so contribute, to be too conjectural to base an award of special damages for medical expenses based upon same.
Fully recognizing that the assessment of damages for personal injuries is somewhat arbitrary, varies greatly with the facts and circumstances of each case, and must be left largely to the discretion of the trial court, yet nevertheless there is an accompanying principle that there should be "some degree of uniformity in cases involving similar injuries and disabilities", Thomas v. Great American Indemnity Company, La.App. 2 Cir., 83 So.2d 485, 487. And a majority of this court feels that the award of $27,000 for Clyde's personal injuries his laceration of the knee, his relatively minor scars, his pain and suffering, the loss of the opportunity to play as his school's star athlete on the football team his senior year, his partial disability for some types of strenuous labor, his predisposition of uncertain duration to flare-ups of an infectious knee conditionto be in excess of what has been awarded in cases involving like injuries, even taking into consideration the decreased purchasing power of the dollar and the varying circumstances, and that this award should be reduced to $12,500. See Smith v. Manufacturers Cas. Ins. Co., La.App. 1 Cir., 83 So.2d 164, for a leg injury case involving far greater pain but more conjectural permanent disability than the present, making a similar award.
The District Court's award of medical expenses to Forest Matherne, the father, *91 included the cost of the hospitalizations for the flare-ups subsequent to the initial hospitalization, which a majority of this court have concluded were not shown by a preponderance of the evidence to be a proximate result of the accident. This portion of the award must therefore be disallowed.
For this reason, we will reduce the award in favor of Forest Matherne individually to $131 (being the cost of the hospitalization of July 7, 1954, to July 12, 1954) plus $150 medical fee (the $300 fee of the attending physicians for professional service being allocated ½ to each principal hospitalization during the period in question).
For the above and foregoing reasons, the judgment in favor of Forest Matherne individually is reduced to $281, plus legal interest thereupon from date of judicial demand until paid, and to Forest Matherne as administrator of the estate of his minor son, Clyde Matherne, to the sum of $12,500, with legal interest thereupon from date of judicial demand until paid. In all other respects, the judgment appealed from is affirmed.
Amended and affirmed.
ELLIS, J., dissents.
Rehearing denied; ELLIS, J., dissenting.