TATE, Judge.
We initially affirmed the trial court’s dismissal of plaintiff’s personal injury suit. La.App., 85 So.2d 639. Granting writs, the Supreme Court reversed our judgment and remanded the case to us to establish the damages sustained in a head-on automobile collision of March 13, 1954, for which defendants were held responsible. 232 La. 666, 95 So.2d 143.
Quantum, then, is the sole matter before this tribunal at the present time.
•At the time of the accident Mershon was an Army sergeant, twenty-three years of age. Being a serviceman, he incurred no loss of wages or medical expense as a result of his injuries. The voluminous medical testimony indicates conclusively that the plaintiff suffered severe and very painful personal injuries as a result of the accident. The principal and most serious of these were (a) severe intracranial injuries and (b) a fractured right femur.
Mershon was unconscious and near death for a period of days after the accident. The medical- records and the testimony of lay witnesses indicated this to be ten days, although the Army physician testifying from memory several months later estimated it to have been about four days. Plaintiff bled from the nose and ear, and blood was found in his spinal column as shown by several spinal taps taken during this period.
The preponderance of the medical evidence shows that the cause of these symptoms of severe injury to have been a brain contusion, probable basilar skull fracture, and a subarachoid (within the skull cavity) hemorrhage.
Defendants argue, based upon the testimony of a neurosurgeon who examined Mershon eight months after the accident and found no residual effects, that only a lesser injury of a brain concussion was sustained and that only the cheek bones were fractured, not the skull itself. However, comparing this opinion testimony with the testimony of the Army physicians who actually examined and treated Mershon immediately following the accident, and noting several incorrect assumptions of this neurosurgeon (such as there was little unconsciousness following the accident, and that the blood in the spinal fluid could have come from a very carelessly made spinal tap), we think the overwhelming preponderance of the medical evidence supports the diagnoses of the more serious intracranial injuries.
The chief importance of this distinction is that if the diagnoses of the plaintiff’s witnesses are correct, as we find them to be, then a definite possibility exists that Mershon will in the future 'Suffer seizures or convulsions because of potential organic brain damage. Fortunately, this is not a probability because the residual neurological symptoms eight months after the accident (when the trial occurred) were slight insofar as objectively verifiable.
The prognosis of all doctors, thus, is that Mershon has a reasonably good chance to a recovery without residual from his serious head injuries.
*297 With regard to the slightly comminuted transverse fracture of Mershon’s right femur, major surgery was performed upon him on March 30th (after he had finally recovered consciousness and his survival seemed probable) in the form of an open reduction in order to accomplish the fixation of the fractured bones with a long in-termedullar nail. Although at the time of trial about eight months after the accident Mershon was still 25'% disabled by reason of this leg injury and still walking with a limp and unable to negotiate stairs, the medical prognosis was that with physiotherapy and the removal of the intermedul-lar nail (by a minor surgical procedure, producing discomfort only for two or three days), he would recover in view of his youth without permanent residual disability.
Mershon was in military hospitals from the date of the accident, March 13th, through July 1st, at which time he was discharged to limited duty and was to report back in six months for final evaluation (which had not elapsed at the time of the trial below.) He was in bed until May 17th, at which time he was permitted to walk on crutches. On June 8th he was permitted to walk without crutches. (He had been discharged from neurological treatment on June 13th on the ground that nothing further in that respect could be done for him by medical treatment.)
With respect to the assessment of damages for personal injuries, there can be no hard and fast rule; assessing a pecuniary value to personal injuries is of necessity a somewhat arbitrary process, and much discretion must be left to the trier of fact (in this case, the present court) ; although the courts seek a degree of uniformity in awards for similar injuries and look to other cases of similar nature for guidance. LSA-C.C. Art. 1934(3); Duree v. State, La.App. 1 Cir., 96 So.2d 854, 863, Matherne v. Crowther, La.App. 1 Cir., 96 So.2d 89.
Taking into consideration that the insurance coverage herein is limited to ten thousand dollars per person and that we are permitted to take into account the financial inability of defendant Cutrer (an un-propertied wage earner) to respond in greater damages, we think that for the present injuries[1] an award of $12,500.00 will do substantial justice, especially in view of the very good prognosis of a good recovery for plaintiff without residual disability, and is in accord with the awards in such cases as, for instance, Corkern v. Travelers Ins. Co., 229 La. 592, 86 So.2d 205, Matherne v. Crowther, La.App. 1 Cir., 96 So.2d 89, Smith v. Manufacturers Cas. Ins. Co., La.App. 1 Cir., 83 So.2d 164, Wilson v. Williams, La.App. 1 Cir., 82 So.2d 71, 72 (syllabi 6, 7), McNulty v. Toye Bros. Yellow Cab. Co., La.App.Orl., 73 So.2d 23.
For the reasons assigned, in accordance with the mandate of the Supreme Court that we fix damages in the present case, it is ordered, adjudged, and decreed that there be judgment herein in favor of plaintiff, Clarence Mershon, and against defendants, R. V. Cutrer and his insurer, and the All State Insurance Company, holding them liable in solido in the sum of $10,000, together with legal interest thereupon from date of judicial demand until paid, and for all costs of these proceedings. It is further ordered and decreed that there be judgment in plaintiff’s favor against R. V. Cutrer alone for the additional sum of $2,-500, together with legal interest thereupon from judicial demand until paid.
Judgment rendered.

. Summarized as serious intracranial injuries at the time of the accident with the attendant complications, the fractured right leg, the minor injuries including fractures of minor face bones and the two residual slight blemishes on plaintiff’s face, the pain and ' suffering attendant upon the injuries and upon the surgery and medical treatment in connection therewith, and the definite although minimal possibility of future epileptic seizures.