LOTTINGER, Judge.
For the reasons assigned in the companion case of Delatte v. United States Fidelity and Guaranty Company, La.App., 116 So.2d 169, we affirm the Lower Court’s findings with respect to liability.
The record reflects that Mrs. Zachary is 27 years of age and the mother of three small children. She was thrown from the automobile and rendered unconscious. She was treated by Dr. Richard F. Field, Jr. who testified in part as follows:
“Mrs. Zachary came in, following an automobile ' accident somewhere down the road, around 10 or 11 o’clock on the morning of November 19th. On admission she had multiple contusions or bruises on her body and her serious injury was limited to her left arm. Her left arm was deformed and she had, just on inspection or looking at the arm, obvious fracture as well as a compounding of the fracture. The bone was sticking through the left forearm. She was not in shock. Her blood count was all right. She was mentally alert and there was no evidence of any other serious damage except the left arm. X-ray examinations revealed that she had a very serious and difficult type of fracture which we call a Monteggia fracture of the left elbow. That involved a fracture of the ulna. There are two bones of course, in the forearm and the fracture was in the ulna with dislocation of the head of the radius. This is a fracture that none of us like to see because its complications are many and frequently they end up having to have surgery. Ordinarily we go ahead and do surgery when the people come in except that this was a compound fracture which means that the bone is sticking through the skin. To operate on that fracture at that time with the eminent danger of infection is a very serious problem and we were able to get a reasonable reduction, not a good reduction, a reasonable reduction and because of that and because of the compounding of the fracture we elected to treat her in what we call a closed reduction rather than an operative reduction. This was done with the definite possibility among ourselves that to the patient too that she may have to have surgery at a later date. She stayed in the hospital, I think from the 19th to the 26th receiving tetanus toxoid and anti-biotics consisting of penicillium and streptomycin, analgesics or pain relieving drugs. Her temperature came down to normal. *169 There was no evidence of circulatory problems in her hand and we let her go home.”
This doctor further testified that he believed an operation was needed which in all probability would restore her arm to good condition. As of the date of trial she was definitely disabled and unable to do her housework or lift her children.
Under the circumstances we believe that the award of $8,833 to Mrs. Zachary to be adequate and not excessive. The award to Mr. Zachary is substantiated by the record and will, therefore, be affirmed.
For the reasons assigned the judgment appealed from is affirmed.
Judgment affirmed.