GLADNEY, Judge.
Willie Boyd and Idell Boyd brought this suit in tort as the surviving parents of Larry Keith Boyd, aged nineteen months, who was struck and instantly killed by a truck driven by Robert Sutton. The accident occurred on Louisiana Highway No. 585 in the western portion of West Carroll Parish shortly after one o’clock P.M. on July 7, 1959. Named as defendants are Robert Sutton, Henry Tyson, owner of the truck and employer of Sutton, and The Travelers Insurance Company, liability insurer of Henry Tyson. Defendants have appealed from an adverse judgment and assign error to the decision of the trial judge as to liability and excessive damages. Appellees have answered the appeal, praying for an increase in the awards.
At the time of the accident Robert Sutton was driving his employer’s International *351 truck in a northerly direction in his east or right traffic lane and approaching the home of plaintiffs, who lived on the east side of the highway. When approximately forty yards south of the Boyd home the truck struck the child on the surfaced portion of the highway at a point from twelve to twenty inches of its eastern edge. The highway in front of the Boyd residence runs north and south and is straight and level for several hundred yards in either direction. The black topped surface of the highway is twenty feet in width and is painted with a white line to designate its center. The shoulder on the east side of the road is five or six feet wide. It slopes off to a shallow ditch, and had been allowed to grow up with grass and weeds. The height of the vegetation along the east shoulder of the highway and the density of its growth are depicted in numerous photographs found in the record and further described in the testimony of a number of witnesses. At the time mentioned the weather was clear with the sun shining and no other vehicles were in the vicinity of the place where the accident occurred. The only eye witness to the striking of the child by the truck was its driver, Robert Sutton.
The deceased was one of eleven children of the plaintiffs. At the time of his death he was dressed in a faded blue diaper shirt and a pair of training pants. He was a robust and healthy child of approximately thirty-two inches in height. He was unattended and there was no other person of his family nearer than the Boyd home.
On the date above mentioned Sutton left the home of Henry Tyson, about two miles south of the Boyd home, and drove north on Louisiana Highway No. S85 for the purpose of servicing some tractors belonging to his employer. He testified that as he approached the Boyd home he was driving at a speed of from between forty-five and fifty miles per hour, that his windshield was clear and he was maintaining a proper lookout, that when about fifteen feet from where the child was struck it suddenly fell out of the weeds in front of the truck, and that after first seeing the child he had no opportunity for evasive action. Following the impact the truck continued about forty or fifty yards or more before it was brought to a stop. Sutton then alighted from his truck, looked under its bottom in order to determine if the child’s body was still under the truck, backed his truck to the Boyd home, and informed Mrs. Boyd of the accident. At that time Willie Boyd was in the field as was Jimmie Dupree, a tractor driver for Boyd.
Plaintiffs allege Sutton was negligent in driving at an excessive rate of speed and in failing to maintain a sharp lookout ahead. These charges are denied by defendants, who alternatively plead contributory negligence on the part of the child’s parents for allowing it to be unattended and in permitting weeds to grow up on the shoulder of the highway. Of these contentions only the question of Sutton’s observation requires serious attention. The averment of excessive speed was not established by the evidence and the acts of negligence relied upon in the plea of contributory negligence are so remotely connected with the accident the absence of proximate cause is plainly indicated.
Photographs and the testimony of a number of witnesses convincingly show that had Sutton been exercising due diligence in looking ahead, the presence of the child would have come to his attention much sooner. The vegetation on the east shoulder was identified as Dallas and Bermuda grass, interspersed with occasional clumps of Johnson grass. The latter was taller and thicker near a fence to the east of the highway. Sutton and Tyson testified that near the black topped surface the grass was about eighteen inches tall and scattered. Several witnesses stated Sutton could have seen the child in time to take evasive action. Among these was W. E. Guice, a Louisiana State Highway Patrolman.
It is a well recognized rule of law and firmly established in our jurisprudence *352 that the failure of a motorist to see what could have been seen by the exercise of due diligence does not excuse liability. Thus it was said in Rottman v. Beverly, 183 La. 947, 165 So. 153, 156:
“The first duty of those who operate engines or motor vehicles is to keep a sharp lookout ahead to discover the presence of those who might be in danger.”
And, in Jackson v. Cook, 189 La. 960, 181 So. 195, 197:
“ * * * the well-recognized and settled rule that the duty of those in charge of motor cars and engines to look ahead and observe never ceases; that what they can see they must see and in legal contemplation they do see; that their failure to see what they could have seen by the exercise of due diligence does not absolve them from liability.”
The degree of care required in the observance of the road ahead received the attention of this court in Brooks v. State Farm Mutual Automobile Insurance Company, La.App., 1956, 91 So.2d 403, 408. (Writ of certiorari denied). Therein the question presented was: Could and should the motorist, Stewart, by proper observation and attention to the roadway, have observed the body of six year old Richard Brooks lying across the center line of the highway in time to take effective action? The child had fallen into the highway when 'the door of an automobile in which he was riding opened. Foster, the driver of the car preceding Stewart observed and avoided striking the body of the child, unconscious in the highway from the effect of its fall. Stewart, following closely behind Foster, failed to observe the body and ran over it. In finding liability was established, the author of the opinion, Judge Hardy, commented :
“The legal principle that a motorist is held to see what could and should be seen is so firmly established in our jurisprudence and so clearly defined, accepted and recognized as to obviate the necessity of further comment. This is the direct issue that must be here decided, and we conclude that the defendant, Stewart, by proper attention to the roadway could and should have seen the body of Richard Brooks in time to have avoided striking it with his car.”
A legal duty to keep a sharp lookout ahead was imposed upon Robert Sutton and under the facts as determined by this court he should have seen Larry Keith Boyd within ample time to effectively avoid the accident. His failure to make such observation constituted actionable negligence.
We have examined the authorities cited by counsel for appellants, which include Rodriguez v. Abadie, La.App., 168 So. 515, 516; Sanders v. Cascio, La.App., 24 So.2d 884 and Falmer v. Monroe, La.App., 109 So.2d 108, and others, but we find these decisions inapposite for they involve instances where the child suddenly appeared from a place of safety or concealed position and no opportunity was afforded the motorist to avoid striking the child.
The trial court allowed on behalf of each parent the sum of $7,500, plus actual funeral expenses. Appellants assert this is excessive and that the amount should be reduced. The awards as made by the District Judge are in keeping with those made in Brooks v. State Farm Mutual Automobile Insurance Company, supra, and we find them neither inadequate nor excessive. Accordingly, the judgment from which appealed is affirmed at appellants’ cost.