124 So.2d 324 (1960)
James SELF et ux., Plaintiffs-Appellees,
v.
Ray H. JOHNSON et al., Defendants-Appellants.
No. 90.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1960.
Cavanaugh, Hickman, Brame & Holt, Lake Charles, by Meredith T. Holt, Lake Charles, for defendants-appellants.
Nathan A. Cormie, Lake Charles, for plaintiffs-appellees.
Before TATE, FRUGÉ, and HOOD, JJ.
TATE, Judge.
The plaintiffs, James Self and his wife, sue to recover damages sustained by them when an automobile driven by Mrs. Self was struck from the rear. Made defendants are Johnson, the driver of the car which struck Mrs. Self's car, and his liability insurer.
The jury before whom this suit was tried awarded Mrs. Self $9,237.50 for her personal injuries and awarded her husband $2,310 for certain special damages for which recovery was sought.
By this appeal the defendants-appellants question only the amounts awarded each plaintiff, since the evidence clearly indicates that Johnson's negligence was the sole proximate cause of the accident.
The principles applicable to the appellate review of awards for personal injuries were recently re-stated as follows: "`The award of damages for personal injuries is of necessity somewhat arbitrary and varies greatly with the facts and circumstances of each case; it is largely left to the discretion of the trial court, the award by *325 which should ordinarily not be disturbed; LSA-Civil Code, Article 1934(3); Franklin v. Arkansas Fuel Oil Company, 218 La. 987, 51 So.2d 600; McGee v. Yazoo & M. V.R. Co., 206 La. 121, 19 So.2d 21. However, this is somewhat qualified by a doctrine generally announced similarly to the statement found in Thomas v. Great American Indemnity Company, La.App. 2 Cir., 83 So.2d 485, at page 487 as: "Each case is to be determined upon its own facts, with the desire, however, for the attainment of some degree of uniformity in cases involving similar injuries and disabilities."'" Humphries v. Delta Fire & Cas. Co., La. App. 1 Cir., 116 So.2d 130, 131.
With regard to the award to Mrs. Self, the principal contention by the defendants-appellants is, as stated in the brief of their able counsel, "that the award of damages * * * for a mild whiplash injury is purely and simply far in excess of any awards that have been made in similar cases." In this regard, the principal contention by counsel is that a permanent neck-tilt and limitation of neck-motion noted in Mrs. Self by all physicians and all lay witnesses was not caused by or residual from the injuries sustained in the accident, but rather that these conditions developed independently from pre-existing medical causes.
According to the evidence, Mrs. Self's vehicle sustained fairly slight ($135) damage when struck from the rear in a "slightly hard" impact (Tr. 80), which threw Mrs. Self against the steering wheel and jarred her neck, causing immediate complaints of pain therein, although she sustained no broken bones nor was her skin broken. Without contradiction likewise, the evidence reflects that as a result of the accident this 38-year old housewife suffered a "whiplash"[1] spraining injury to the cervical spine (neck); that she was hospitalized under neck traction for eight days following the accident (reporting to her personal physician on the morning following the accident with complaints of neck pain and of inability to turn the neck); and that she was under a physician's care for approximately eight months following the accident, or until July of 1958, during that time wearing a collar-type brace and using neck traction at home, following which the sprain itself was no longer symtomatic.
If indeed (as the defendants contend) the above are the sole injuries suffered by Mrs. Self as a result of the accident, then the award of $9,237.50 to her may well have been excessive under the cases relied upon by the appellants, many of which are discussed in the recent case of Downs v. Hartford Acc. & Indem. Co., La.App. 2 Cir., 116 So.2d 712, approving as not manifestly excessive or inadequate under the facts of that case an award of $3,000 for a whiplash spraining injury.
But the plaintiffs contend that additionally a permanent disfigurement and disability resulted from the accident, namely that, commencing from the date of the accident and continuing through the date of the trial some two years later, Mrs. Self has carried her neck at a slight tilt leftward (in what the physicians denote as an unsimulated defense against painful motion) and has been unable to turn her neck rightward beyond the neutral or central position, a condition which all three medical witnesses concede is permanent and is genuinely unsimulated.
Defendants rely upon the testimony of an orthopedic surgeon testifying on their behalf, who examined Mrs. Self once, that the condition resulted solely from a congenital anomaly in her cervical spine plus a pre-existing arthritic condition which had not been accelerated by the trauma.
*326 To the contrary, a medical witness, who had been Mrs. Self's family doctor for over three years prior to the accident and who was her attending physician for the present injury, and an orthopedic specialist, to whom the former had referred his patient for an examination, testified that the injuries sustained in the accident resulted in an aggravation of a pre-existing and previously (accepting Mrs. Self's testimony as correct) non-symtomatic arthritic condition which, in conjunction with the congenital anomaly, caused the slight neck-tilt and the marked limitation of neck-motion so noticeable in this lady after the accident. Moreover, all the lay witnesses testified that Mrs. Self did not show any signs of this disfigurement and this disability prior to the accident (although always after it), which testimony is corroborated by that of her family doctor, who said that, although he never specifically checked her neck in his three years of occasional treatment of Mrs. Self prior to the accident, he never noticed these neck conditions, but subsequent to the accident he had always noted them.[2]
We think that the preponderance of the evidence supports a finding that the permanent disfigurement and neck-disability suffered by Mrs. Self was proximately caused by the accident, resulting primarily from the tort-caused aggravation of a previously latent arthritic condition. Consequently we do not find to be manifestly excessive the award of $9,237.50 to this 38-year old woman for the injuries immediately following the accident and for this permanent residual therefrom with which she will have to suffer for the remainder of her days. See, e.g., Zachary v. United States Fidelity & Guaranty Co., La.App. 1 Cir., 116 So.2d 167; Dillon v. Pope, La.App. 1 Cir., 110 So.2d 229; Marcantel v. Southern Farm Bureau Cas. Ins. Co., La.App. 1 Cir., 102 So.2d 879; Johnson v. Wilson, La.App. 1 Cir., 97 So.2d 674, reversed on other grounds 239 La. 390, 118 So.2d 450; Matherne v. Crowther, La.App. 1 Cir., 96 So.2d 89.
As to the award by the jury to Mr. Self of $2,310, we find proved in the record only the following: $135, cost of repairing the damaged community automobile (Tr. 142); $615.55, medical expenses conceded by defendant to have been proven (P-2 through P-5); and $25, cost of examination by Dr. E. C. Campbell (to whom Mrs. Self was referred by her attending physician for medical consultation during his period of treatment, Tr. 108-109, Tr. 117, so that we do not find supported by the evidence the appellants' suggestion that such examination fee is non-allowable as being primarily for purposes of preparation for litigation, cf., Watts v. Delta Fire & Cas. Co., La.App. 1 Cir., 106 So.2d 752); total special damages proven: $775.55.
The remainder of the award by the jury was apparently for future medical expenses and for the loss of the wife's services in the community business; but not only is there no sufficiently definite evidence upon which to base any award for these items, but as to the latter item the plaintiff wife herself commendably admitted frankly that her prior occasional services in her husband's shop during his absence therefrom were terminated not by any accident-caused residual but rather by a change in the method of operations of the family *327 business, which had been moved from a shop to their home.
For the foregoing reason, the award to the plaintiff James Self is reduced to Seven Hundred Seventy-Five and 55/100 ($775.55) Dollars; and, as thus amended, the judgment below is affirmed in all other respects.
Amended and affirmed.
NOTES
[1] The term "whiplash injury" is "descriptive of the mechanism causing the injury and is not the pathological term. The injury is sustained as the result of a sudden unanticipated flexion and then hyper-extension of the neck. A whiplash injury may result in several types of pathological findings, such as sprain, fracture, dislocation and so forth", Bartholomaus v. H. G. Hill Stores, Inc., La. App.Orl., 97 So.2d 82, 87.
[2] Cf., the summary by Judge (now Mr. Justice) McCaleb of prior jurisprudence, in awarding damages for the tort-caused aggravation of a previously latent condition: "[T]he courts have adopted the view that, where a person who enjoys good health suffers an accident and within a short time thereafter a dormant pre-existing illness or old injury disconnected with the accident flares up or becomes active, it will be presumed that the flare up was not a coincidence and that it was set in motion as a direct result of the accident. And it is sufficient for the plaintiff, in order to cast the burden of proof upon the defendant, to show by medical testimony that there is a reasonable possibility that the result claimed for did happen." Peppers v. Toye Bros. Yellow Cab Co., La.App.Orl., 198 So. 177, 182.