140 So.2d 710 (1962)
Mr. and Mrs. Winston BURNAMAN, Plaintiffs-Appellants,
v.
Sam W. LA PRAIRIE, Defendant-Appellee.
No. 559.
Court of Appeal of Louisiana, Third Circuit.
May 7, 1962.
Rehearing Denied May 24, 1962.
Certiorari Denied June 20, 1962.
James A. McGraw & Maxwell J. Bordelon, by James A. McGraw, Marksville, for plaintiff-appellee-appellant.
Stafford & Pitts, by Grove Stafford, Jr., Alexandria, Ben C. Bennett, Jr., Marksville, for defendant-appellant-appellee.
Before TATE, FRUGÉ, and HOOD, JJ.
*711 FRUGÉ, Judge.
This suit was instituted by Mr. and Mrs. Winston Burnaman, plaintiffs-appellants, against Sam W. LaPrairie, defendant-appellee, for the wrongful death of plaintiffs' two and one-half year old child.
Resolving in his written opinion that defendant was negligent, the trial judge rendered judgment in favor of plaintiffs and awarded two thousand five hundred ($2,500.00) dollars to each parent, plus five hundred eighty-one ($581.00) dollars to the father for funeral and medical expenses. From this judgment both plaintiffs and defendant have appealed.
The facts of the case are generally admitted by both sides. On June 7, 1961, the defendant, Sam LaPrairie, called on the plaintiffs at their home. Plaintiffs' home is some distance from the highway and there is a long, private driveway leading from said highway to it. Immediately in front of their home is a fence (or front yard enclosure) with a small gate. This fence is about twenty-five or thirty feet from the front porch of plaintiffs' home. Defendant parked his station wagon in the driveway alongside a pick-up truck, just outside the front gate with the front of his vehicle facing plaintiffs' home. After visiting with plaintiffs for about thirty minutes defendant decided to leave. He walked to his station wagon, sat in the driver's seat, started the motor and commenced backing off, and as he did so, ran over the child who was playing in the dust with a spoon and bucket behind defendant's vehicle.
The right rear wheel of the station wagon ran over the child's head. Although death was not instantaneous, the child was unconscious when picked up, and died at the hospital about one hour later. The evidence shows that this child was deaf and dumb. There is testimony that, as defendant was leaving, Mrs. Burnaman called a warning to watch out for the children. Defendant does not "recall" having heard the warning, but admits that such a warning could have been uttered.
The defendant, a small country merchant, denied any negligence and averred that the accident was unavoidable. After reviewing the record we find that the trial court correctly found the defendant was negligent. He knew that children were in the immediate vicinity but made no diligent effort to ascertain their whereabouts before he started his car in motion. It is clear that under the Louisiana jurisprudence the operator of an automobile has a duty demanding a high degree of care if children (who are unaccompanied by their parent and not under the care of an adult) are in the vicinity and he knows of their presence or is held to know of their presence as a matter of law. See Jacoby v. Gallaher, 10 La.App. 42, 120 So. 888; Embry v. Reserve Natural Gas Co., 12 La. App. 97, 124 So. 572; Stamps v. Henderson, La.App., 25 So.2d 305; Jackson v. State Farm Mutual Auto Ins. Co., La.App., 32 So.2d 52; Rainwater v. Boatright, La. App., 61 So.2d 212; Boyd v. Sutton, La. App., 120 So.2d 350; Gray v. Great American Indemnity Co., La.App., 121 So.2d 381; Blashfield Cyclopedia Automobile Law & Practice, Section 3361. Further, we are in agreement with the trial court's finding that: "* * * The child killed, who was two and one-half years of age, could not be guilty of contributory negligence. [See Doyle v. Nelson, 11 So.2d 645, La. App. 1943; Davies v. Consolidated Underwriters, 14 So.2d 494, La.App.1943; Rainwater v. Boatright, 61 So.2d 212, La.App. 1952; Emery & Kaufman, Limited v. Houston Fire & Casualty Ins. Co., La.App., 106 So.2d 131.] The parents were both inside their home at the time defendant ran over the child, and under the circumstances, we can not see where they were in any way at fault or guilty of contributory negligence."
The jurisprudence and the accepted doctrine of this State is that the appellate court should not reverse the trial court's *712 finding of facts where no manifest error exists. In the instant case, we find that the trial judge's finding of facts and analysis of this case was well reasoned and correct.
We realize that the question of the proper quantum of damages to award for the death of a young child is often one of some difficulty for a court. Nevertheless, we believe that the trial court erred when it stated that "most of the awards in cases of this type are about $2,500.00 per parent". In assessing the amount of damages, each case is to be determined on its own facts, with the desire however, for the attainment of some degree of uniformity in cases involving similar injuries. See Thomas v. Great American Indemnity Company, La.App., 83 So.2d 485; Currie v. Government Emp. Ins. Co., La.App., 90 So.2d 482; Higginbotham v. Frazier, La. App., 92 So.2d 89; Matherne v. Crowther, La.App., 96 So.2d 89; Self v. Johnson, La. App., 124 So.2d 324. Whenever possible, assessment of damages should be in accordance with the most recent and similar cases. See Warren v. Fidelity Mutual Insurance Company, La.App., 99 So.2d 382. Considering the facts and circumstances of this case as well as recent awards in similar cases we are of the opinion that the judgment by the trial court awarding each parent two thousand five hundred ($2,500) dollars is inadequate and should be amended so as to award each parent the sum of seven thousand five hundred ($7,500.00) dollars. See Brooks v. State Farm Mutual Automobile Insurance Co., La.App., 91 So. 2d 403; Randall v. Baton Rouge Bus Company, Inc., 240 La. 527, 124 So.2d 535; Palmer v. American General Ins. Co., La. App., 126 So.2d 777 (certiorari denied).
IT IS THEREFORE, ADJUDGED and DECREED that the judgment of the district court be amended so as to award Winston Burnaman the sum of Seven Thousand Five Hundred ($7,500) Dollars, and to award Mrs. Winston Burnaman the sum of Seven Thousand Five Hundred ($7,500) Dollars, together with legal interest thereon from date of judicial demand until paid. As thus amended, the judgment is affirmed; defendant to pay all costs.
Amended and affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.