BLANCHE, Judge.
The plaintiffs, Earl Brennecke and Bernadine Hall Brennecke, are the parents of Larry D. Brennecke, a minor, and brought this suit against the defendants, Mrs. Marcia Crockett and her husband Walter Crockett, and their liability insurer, Trans *581 portation Insurance Company, for injuries sustained by their minor son as a result of an automobile-bicycle collision.
The trial judge found that both Mrs. Crockett, the driver of the automobile, and Larry Brennecke, who was riding the bicycle were negligent but that Mrs. Crockett had the last clear chance to avoid the accident. He rendered judgment in favor of plaintiffs in the sum of $15,000 for the injuries sustained by their minor son and in the further sum of $2,317.90 for special damages.
The single error assigned by the defendants on appeal is that this is not a proper case for the application of the doctrine of last clear chance. We agree and reverse, because we find that Mrs. Crockett was not guilty of negligence since no duty was breached by her toward young Brennecke.
The accident happened on a street in a residential subdivision in Hammond, Louisiana. Mrs. Crockett had been visiting her mother-in-law who lived about four houses down the street from the point of the accident. After leaving her mother-in-law’s home, Mrs. Crockett proceeded in an easterly direction on David Drive. She was accompanied by her young children and her sister-in-law, Miss Debra Crockett, who was seated on the right front seat. The record shows that Mrs. Crockett was driving between ten and twelve miles per hour and at the time it was raining quite hard. Mrs. Crockett had her lights and windshield wipers on and was driving slowly because of the downpour. Both Mrs. Crockett and Debra Crockett were looking straight ahead as they approached oncoming traffic. There is no evidence that any children were playing in or near the street. Though Mrs. Crockett knew there were children in the neighborhood, she did not expect to see any at that time because of the hard rain. Thus, while her attention was directed toward approaching traffic in a hard rain, young Brennecke and his friend Kevin Sims were in the driveway leading to the Sims carport, and they decided to leave on their bicycles to ride over to Larry’s house to play. With young Brennecke in the lead, they rode down the Sims driveway out into the street. At the moment young Brennecke reached the edge of the street, he collided with the. right front side of the Crockett car at a point approximately a foot or so behind the headlights. Neither Mrs. Crockett nor Debra Crockett saw the Brennecke youth until a moment before he struck the right side of the Crockett vehicle.
Marie Carver, a disinterested witness who at the time of the accident was proceeding in the opposite direction from Mrs. Crockett at about the same speed, was able to see all that transpired up until the moment of impact. When she first observed the youths, they were halfway up the driveway, facing toward the Sims house. The driveway was estimated by another witness to be approximately forty feet long. Mrs. Carver realized that an accident was about to occur because the young boys turned and started toward the street when, according to her estimate, Mrs. Crockett was at most a car’s length away. She described the boys as coming down the driveway “suddenly” and as taking “just a couple of seconds.”
The Crocketts and Mrs. Carver testified that Larry Brennecke ran into the car rather than the Crockett vehicle colliding with him. Photographs of the vehicle introduced into evidence showed a dent on the side of the fender where the bicycle struck the side of the car. Significantly, Mrs. Carver testified that she applied her brakes when she saw the boys start down the driveway and that she was driving at about the same speed as Mrs. Crockett. Though she immediately applied her brakes at the time of the collision, she was unable to bring her vehicle to a complete stop and, like Mrs. Crockett, stopped about a car’s length past the point of collision.
Undoubtedly, Mrs. Crockett had no chance to avoid the collision. The events *582 leading up to this unfortunate accident happened very quickly, within a few seconds, and when Mrs. Crockett was so near the Sims driveway that she had no chance, either last or clear, to bring her vehicle to a stop in order to avoid the collision.
However, the crucial question in the case is not whether she had the last clear chance to avoid the accident but whether she was even under a duty to observe young Brennecke in the Sims driveway on his bicycle under the conditions herein-above described. Absent a showing that Mrs. Crockett should have been alerted to the fact that children were playing in the area at the time and would thus come under a duty to look out for their safety, we find no duty on her part to look for young Brennecke poised in a heavy rain halfway up the Sims driveway and to guard against the possibility of his running into the street. As we see it, traffic conditions at that particular time were adverse and her duty was to keep her eyes on the road ahead and 'on approaching traffic and not on young Brennecke who might suddenly descend into the street from a point halfway up a private driveway.
To impose such a duty on her under these circumstances would virtually make her an insurer of young Brennecke’s safety. Rainwater v. Boatright, 61 So.2d 212 (La.App. 2nd Cir., 1952); Kessinger v. Ashford, 165 So.2d 534 (La.App. 1st Cir., 1964).
Finding no negligence on the part of Mrs. Crockett, we reverse the judgment of the trial court and render judgment in favor of defendants, Mrs. Marcia Crockett, Walter Crockett and Transportation Insurance Company, and against plaintiffs, Earl Brennecke and Bernadine Hall Brennecke, dismissing plaintiffs’ suit at plaintiffs’ costs.
Reversed and rendered.
LOTTINGER, J., concurs.
YELVERTON, J., dissents with reasons.