REGAN, Judge.
This litigation emanates from the same accident, the facts and pertinent issues of which are identical as those revealed in the case of LaRocca v. Dabria, La.App., 78 So.2d.541. Therein we expressed the opinion that the accident was caused through the concurrent negligence of both LaRocca and Dabria, the respective owners and operators •of the vehicles involved in the intersectional collision.
The defendant insists that the plaintiff is guilty of such independent negligence as is sufficient to defeat his recovery, and it consists of his failure to both observe and direct LaRocca’s attention to the approach of the defendant’s vehicle in Alio Street and also to caution him to stop before entering the intersection.
We have made a careful analysis of the record with respect to any negligence which may have been manifested, either actively or passively, by Fried and we are convinced that he was free from any independent negligence in connection with .the accident, for the reason that the record and the environmental characteristics of the accident disclose that he had no occasion to remonstrate with, warn or criticize LaRocca' ill connection with his operation of the vehicle, at least, until after the occurrence of the collision.
As a result of the accident, plaintiff, a man seventy-two years of age, was rendered unconscious; shortly thereafter he was removed, in an ambulance, from the scene of the accident to LaRocca’s Clinic in Algiers, where he was admitted for observation and x-rays. It was subsequently ascertained that he “was in shock” and had sustained lacerations, particularly to the left side of his head. The treatment administered consisted of the application of compresses to stop the bleeding, suturing the wound and compatible medication. He remained in the hospital for two days and then was confined to bed at home for one week; he was attended by Dr. LaRocca for a period of approximately three weeks. His physician rendered a bill for these services in the sum of $65, which amount is not disputed.
During the course of the trial, which occurred in January of 1953, approximately twenty-one months after the accident, the trial judge’ remarked “let the record show that the court has looked at * * * Mr. Fried’s head; * * * he has a spot bn the left side * * * somewhat to the rear of center on which the hair has failed to grow back over a space * * * a little larger than the size of a quarter.”
It is our opinion that the .sum of $750 is adequate .compensation for, the. foregoing injuries and medical expenses.
The record reflects that the Texas Mutual Insurance Company was placed in ancillary receivership on February 23, 1953, at Baton Rouge, Louisiana, by the Nineteenth Judicial District Court, therefore, the' judgment, of legal necessity, will run against the ancillary receiver.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be *846 judgment herein in favor of the plaintiff, William C. Fried, and against the defendants, Lawrence J. Dabria, and Wade O. Martin, ancillary receiver of the Texas Mutual Insurance Company, in solido, in the sum of $750 with legal interest and for all costs.
Reversed.