92 So.2d 742 (1957)
Mutell McCRORY, Plaintiff-Appellee,
v.
The GREAT AMERICAN INDEMNITY COMPANY et al., Defendant-Appellant.
No. 8607.
Court of Appeal of Louisiana, Second Circuit.
February 5, 1957.
*743 Campbell & Campbell, Minden, for appellant.
McClendon & Benton, Minden, for appellee.
HARDY, Judge.
Plaintiff instituted this suit for the recovery of damages resulting from personal injuries and property loss sustained in an automobile collision. Joined as defendants were Maxine Lee, driver of the automobile in which plaintiff was riding as a guest passenger, her insurer, Delta Fire and Casualty Insurance Company, Lloyd Hammontree, driver of the other vehicle involved, and his insurer, Great American Indemnity Company. A settlement was effected by plaintiff and the defendants Lee and Delta Fire and Casualty Insurance Company as a consequence of which plaintiff's suit was dismissed with respect to these defendants. On trial of the case counsel for the remaining defendants, Hammontree and Great American Indemnity Company, stipulated liability on behalf of said defendants, and, as a result, the only issue of the case was restricted to the question of quantum of damages. After trial there was judgment in favor of plaintiff in the full sum of $3,743.35, subject to a credit of $200 represented as having been received by plaintiff from Delta Fire and Casualty Insurance Company. From this judgment defendants Hammontree and Great American Indemnity Company have appealed.
In her petition plaintiff specifically itemized the damages claimed. The amounts particularly set forth under the various categories aggregated $84.50 for property damage; $250 for loss of wages; $257.50 for hospital and doctors' bills, and $4,000 for *744 physical injuries in the nature of general damage. The award made by the district judge, as evidenced by his written opinion, consisted of the amount of $84.50 for damage to personal property, clothing and jewelry; $258.85 for hospital and doctors' expenses; $250 for loss of wages, and $3,150 for physical injuries, of which amount the sum of $150 was specifically designated as an allowance for permanent scars on plaintiff's cheek.
The record with reference to the damages suffered by plaintiff is principally made up of the testimony of plaintiff and her attending physician. Defendant offered the testimony of one medical expert, an orthopedic specialist. There is little real conflict with respect to the nature of the damages suffered, the only difference in opinion being with reference to the extent of plaintiff's claims and the commensurate compensation therefor in the nature of damages. On this appeal defendant earnestly contends that the damages are excessive. Plaintiff has answered the appeal and prayed for an increase of the judgment in her favor to the sum of $4,292.
The facts, as established by the record, disclose that the accident occurred on January 18, 1956. As the result of the collision with defendant's car plaintiff was thrown from the automobile, in which she was a passenger, to the pavement and rendered unconscious, which condition, however, endured for only a brief period of time. Plaintiff was removed, by ambulance, to the hospital where she was attended by Dr. C. S. Sentell, who diagnosed her condition, at the time, as a contusion with subscalp hematoma of the left posterior skull; cerebral concussion and contusions of the skull and numerous abrasions and contusions of the left forearm, both kneecaps, left shoulder, right hip, left forehead and eyebrow, mid-nose, right cheek and third and fourth knuckles of the left hand. Plaintiff remained in the hospital for a period of eleven days, during most of which time she suffered acute pain and severe discomfort. After leaving the hospital plaintiff was confined to her bed and to her home for about four weeks, following which time she returned to work, on February 25, 1956, as a waitress at a restaurant in Minden. Plaintiff was totally incapacitated for a period of between five and six weeks. There is no evidence of any residual defects from her injuries with the exception of the minor scars in the nature of discoloration of the cheek. On this item plaintiff itemized her claim in the sum of $150, which was properly allowed by the district judge. Plaintiff has suffered no permanent injuries, and, though her discomfort and some degree of aches and pains undoubtedly continued for some time, it is not established that these were severe in nature nor that they endured for any extended period following her return to work.
We think it necessary in sustaining the conclusion which we have reached as to the amount of the award to consider the several categories of damage as claimed by plaintiff.
The evidence adequately sustains the claim for property damage in the nature of the allowance for damages to clothing and costume accessories in the total sum of $84.50 and this item was therefore correctly allowed.
Under the head of loss of wages plaintiff claimed the sum of $50 per week for a period of five weeks. The testimony showed that plaintiff, at the time of the accident, was on her way to report for work at the Coffee Cup Restaurant where she was to begin her employment as a waitress at a salary of $25 per week. Plaintiff testified, and the testimony is not refuted, that in addition to her salary she reasonably anticipated the receipt of gratuities, or tips, in an amount at least equal to her weekly salary, that is, $25 per week. This testimony was based upon plaintiff's previous experience as a waitress at other establishments. Defendants complain of the allowance of damages for loss of gratuities on the ground that the same is purely speculative in nature. *745 From a strictly technical point of view this would appear to be a valid objection, but, unfortunately, it is a matter of common knowledge that "tips" have come to be considered as an expected, requisite and attendant charge for service with which the general public is burdened. To such an extent is this an accepted fact that it is further a matter of common knowledge that tips are taken into consideration by both employers and employees as constituting a substantial portion of the compensation or wages paid the employee. In other words, the gratuity which was originally voluntarily given by a patron in recognition of prompt and gracious attention (cf., "tips"; to insure promptness) has now become an exacted charge rather than a voluntary bestowal of largesse. Not infrequently this custom has become so recognized and established in clubs, hotels and cafes that tips, in a varying but nonetheless substantial percentage, are added to listed charges which the customer is required to pay. Thus the distortion of a gracious custom has been transformed into an act of extortion which in many instances profits an employer by relieving him of payment of an adequate wage and benefits an employee by assuring a welcome and, indeed, a necessary increase in an otherwise inadequate wage. Though this result is to be decried, it is nonetheless so established in this country that it can no longer be considered as speculative and uncertain. It follows that the loss of these gratuities is therefore a real element of damage and, as a consequence, we think the allowance of the sum of $250 as claimed by the plaintiff is completely justified.
With reference to the claims for hospital and medical expenses, defendants contest the allowance of the item of $25 representing a bill of Dr. Heinz K. Faludi, the item of $10 for ambulance charges, and the item of $7.50 for replacement of a broken denture. While it is true that these items of plaintiff's claims for reimbursement or payment of these expenses depend solely upon her unsupported testimony, we think the only serious question concerns the allowance for the charge made by Dr. Faludi. The report of this physician, as incorporated in the record, is dated March 6, 1956, and indicates that plaintiff was referred to the physician in question, by her attorney, for examination. We think the report itself is conclusive on the point that the examination was made in the nature of preparation for trial of plaintiff's suit and not for the purpose of any needed treatment, and, in fact, no treatment was administered. It follows that the allowance for this item was error and, accordingly, the amount awarded for hospital and medical expenses should be decreased to the sum of $232.50.
The claims for damages for enumerated physical injuries amount to a total of $4,000 and were listed in plaintiff's petition as follows:

"1. Loss of tooth $300.00
"2. Cerebral concussion 500.00
"3. Permanent scar on
 cheek 150.00
"4. Muscle sprain, multiple
 bruises over right cheek,
 bridge of nose, left forearm,
 left forehead, both knees
 and knuckles of left
 hand 1050.00
"5. Mental pain, suffering and
 anguish and eleven days
 confinement in Minden
 Sanitarium 2000.00"

It is clearly shown that the claim for the loss of a tooth was unjustified. Plaintiff's only loss amounted to the breaking of a denture consisting of one "false" tooth, which she, herself, testified could be replaced for the nominal sum of $7.50. This charge has already been considered and approved under plaintiff's claim for medical expenses, and it follows that plaintiff is not entitled to any further allowance with respect to this item.
The cerebral concussion, for which plaintiff claims the sum of $500, consisted of a severe but temporary concussion or contusion of the scalp with accompanying *746 subdural swelling and inflammation. Unquestionably this injury, though temporary, was exceedingly painful for a brief period of time, and caused plaintiff acute pain and, possibly, some considerable amount of mental anxiety and apprehension. Under the circumstances of fact disclosed by the testimony of plaintiff and her attending physician, we are not prepared to conclude that the allowance of this amount was excessive.
The claim for permanent scars on plaintiff's cheek in the sum of $150, as we have hereinabove noted, is entirely justified.
The numerous sprains, bruises and abrasions claimed under item 4 above, together with the damages sought for mental pain, suffering and anguish properly come under one general category and are not susceptible of being separately considered, evaluated and apportioned in dollars and cents. These matters are generally comprehended in a lump sum allowance in the nature of damages for both physical and mental pain and suffering, and their effect and nature is not increased, either in intensity or importance, by detailed and separate specifications. Our consideration of the record leads us to the conclusion that the award for these items is grossly excessive. As we have noted, plaintiff sustained no permanent injury of any nature and no residual injuries or physical damage extended beyond a period of several weeks. Doubtless plaintiff suffered some acute and severe pains for a brief period of time, some aches and pains of considerably lesser severity for a longer period, and some inconvenience resulting from her physical injuries. However, this entire period of suffering and inconvenience lasted for only five or six weeks before plaintiff was physically able to return to full-time employment. We are unable to conclude that this nature, degree and extent of physical suffering justifies the allowance of the very substantial amount which was found by the district judge.
In addition to the allowance for property damages, for loss of wages, for hospital and medical expenses, for the permanent scar, for the cerebral concussion, we think an award of $1,000 would represent adequate compensation for the injuries sustained.
In view of the fact that the settlement made with Miss Lee and her insurer, Delta Fire and Casualty Insurance Company, effected the discharge of plaintiff's claims against these defendants, we think it unnecessary to complicate the judgment in this case by any reference to such amounts as may have been received by reason of this settlement.
For the reasons assigned the judgment appealed from is amended and recast to read as follows:
It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Mutell McCrory, and against the defendants, Lloyd Hammontree and the Great American Indemnity Company, jointly and in solido, in the full sum of $2,217, with interest thereon at the legal rate from April 14, 1956, until paid, together with all costs of both courts.
It is further ordered, adjudged and decreed that the fee of Dr. C. S. Sentell is fixed in the sum of $50, to be charged as costs against defendants-appellants.