125 So.2d 487 (1960)
William W. JOBE, Plaintiff-Appellee,
v.
Roland F. CREDEUR et al., Defendants-Appellants.
No. 120.
Court of Appeal of Louisiana, Third Circuit.
December 19, 1960.
Rehearing Denied January 11, 1961.
*488 Taylor, Porter, Brooks, Fuller & Phillips, by David M. Ellison, Jr., Baton Rouge, for defendants-appellants.
Edwards & Edwards, by Nolan J. Edwards, Crowley, for plaintiff-appellee.
Before TATE, FRUGE and CULPEPPER, JJ.
TATE, Judge.
The plaintiff sues to recover for personal injuries sustained in a collision between his pick-up truck and an automobile driven by the defendant Credeur and insured by the co-defendant insurer. The defendants' appeal from adverse judgment urges solely that the award is excessive; the plaintiff's answer to the appeal requests that the award be increased. Thus the sole question before this court concerns quantum.
The trial court awarded the plaintiff $5,695.11 for the following damages: (a) $945.11 special damages for truck repairs and medical expenses, which neither appellants nor appellee questions; (b) $1,000 for pain, suffering, and mental anguish attributable to personal injuries, which amount the plaintiff contends is manifestly insufficient; and (c) $3,750 for loss of income, which the plaintiff contends is insufficient and which the defendants urge should be disallowed since insufficiently proved by the uncorroborated testimony of the plaintiff alone.

I. Personal Injuries.
As a result of the accident the plaintiff sustained a moderately severe cerebral concussion, leaving him dazed and semi-conscious for an hour or more following the accident, together with minor bruises and abrasions of the forehead and knee. He was hospitalized for eight days, suffering intermittently during that time from frequent severe headaches, which were however controlled by aspirin. He was also caused some irritation and pain during the first three days of hospitalization by the insertion of a catheter in his urinary tract. Following the discharge from the hospital, the attending physician confined the plaintiff to bed at home for ten days, when he was released for work on limited activity and cautioned not to perform any physical labor. The plaintiff was finally discharged as completely cured and without any residual about 7½ weeks after the accident. The patient's complaints of a slight interference with his hearing were not medically related to the accident.
The trial court has much discretion in the award of general damages for pain and suffering, and the trial court's award should not ordinarily be disturbed upon appellate review since such awards *489 of necessity are somewhat arbitrary in nature and must vary greatly according to the facts and circumstances of each case; although nevertheless awards should be made so that there is some degree of uniformity in cases involving similar injuries, after taking into account the great variation in circumstances surrounding each injury. Brown v. S. A. Bourg & Sons, Inc., 239 La. 473, 118 So.2d 891; Self v. Johnson, La.App. 3 Cir., 124 So.2d 324; Crowther v. Fenstermaker, La.App. 1 Cir., 96 So.2d 91, certiorari denied.
We do not find the award to be manifestly insufficient. See e. g. McCrory v. Great American Indemnity Co., La.App. 2 Cir., 92 So.2d 742; Michaud v. Travelers Indemnity Co., La.App. 2 Cir., 91 So.2d 456; Fried v. Dabria, La.App. Orl., 78 So.2d 844. In Jenkins v. Audubon Insurance Co., La.App. 1 Cir., 110 So.2d 221, the results of the conclusion were much more severe and prolonged than in the present case; this case is not, as argued by the plaintiff-appellee, authority that the present award is manifestly insufficient.

II. Loss of Income.
The trial court allowed the plaintiff $3,000 for his loss of income during total disability and $750 for his loss of income during partial disability caused by the accident. The evidence shows that after the accident of May 23, 1959 the plaintiff was confined to bed either at the hospital or at home for 19 days, ending on June 10th (although by telephone from his bed he attended to some of his business needs during the latter 12 day period at home), and that thereafter by physician's orders his physical activities were of a limited nature until the patient was finally discharged on July 14th, approximately 7½ weeks after the accident.
The plaintiff is a 54-year-old businessman, the sole owner and operator of an oil well drilling business using equipment valued at in excess of $50,000 and employing an eight-man drilling crew. The business had a gross income during 1959 (as reflected by the federal income tax return) of $137,280.32, with a net profit of $27,364.49. The plaintiff testified that his duties included supervising of the drilling crew, the obtaining of supplies as needed to prevent interruptions and delays in the drilling, and in addition the obtaining of orders in person and by telephone for drilling contracts to keep his equipment and crew profitably working.
In support of a loss of income, the plaintiff testified that, because of his inability to direct the drilling crew and to keep the flow of supplies to them as needed, his drilling rig was unable to complete the drilling contract upon which engaged when he was injured as quickly as it would otherwise have, and that therefore he missed obtaining a contract to drill three wells of a total of 4,850 feet at $3 per foot, upon which he would have made a net profit of $1.50 per foot.
Although the plaintiff urges that such evidence indicates that an increase in the loss of income awarded by this court is justified, we agree with the defendant's argument to the contrary that this uncorroborated testimony by the plaintiff alone insufficiently proves any special damages by reason of loss of income and therefore such award must be disallowed. As was stated in Jenkins v. Audubon Insurance Co., La.App. 1 Cir., 110 So.2d 221, 225, "* * * this court has also repeatedly held that an uncorroborated general estimate by a plaintiff as to his loss of earnings or profits is not sufficient proof of such loss, where corroborative evidence is shown to be available and is not produced. (Citations omitted.)"
With regard to the plaintiff's testimony, we note that he testified that without his records he could not testify as to the date that the drilling job upon which engaged at the time of the accident was actually completed nor the date upon which the drilling contract for three wells which *490 he allegedly lost was to commence. No explanation is given why the plaintiff did not produce his records and other corroborative testimony that he had lost these drilling contracts because of any delays in completing his then current contract. We further note that the plaintiff commendably and frankly admitted that no additional employees were hired because of his absence, that his drilling equipment was busy constantly without many idle days during the rest of 1959 after the accident, and that in June of 1959 he entered upon another drilling contract after he completed the one which he had commenced the day of the accident. We cannot conclude from such testimony, in the absence of other proof, that the plaintiff was unable to obtain other contracts for the almost equally profitable use of his crew and equipment, even if the uncorroborated delay did cause him to be unable to undertake the drilling contract for three wells to which he referred.
In making its award, the learned trial court concluded that it was reasonable to assume that, in the absence of the owner and operator, a one-man business will not be able to operate as efficiently and profitably and that there must be some value to his supervision and experience that even his experienced employees could not provide. (See Tr. 62: "We know there are critical times that come up in the drilling of a well that possibly an experienced person may proceed in a certain way which would save two or three days of work.") The trial court further reasoned that, although the plaintiff's gross earnings had more than doubled as compared to his 1957 tax rates, his net profits of 1959 had not increased at the same relative rate; but, however justifiably such a basis for allowing an award for a loss that cannot by its nature be proven with mathematical exactness, the 1958 tax return (gross income $87,382.37, net profit, $12,512.83) indicates rather that comparison of such tax records in the present instance does not prove with sufficient certainty that any loss of net profits were sustained in 1959, the year of the accident (gross income $137,280.32, net profit $27,364.49), even though the plaintiff attempts to explain the larger income of the latter year as resulting from his acquisition of additional equipment permitting more profitable drilling enterprises.
The difficulty with which this court is faced is this: Although it is entirely possible that due to the plaintiff's absence from his own one-man drilling enterprise there was a loss in efficiency and in profits, the plaintiff's own uncontradicted testimony is also open to the construction that his employees operated his business efficiently during his absence so as to avoid any special damages to him by reason of loss of income. See Jenkins case, above-cited. We cannot therefore say that the plaintiff has borne his burden of proving by way of special damages any loss of income.
However, by reference to the plaintiff's petition, it may be seen that he prayed for damages for "loss of income and total disability" in the amount of $3,000 and for "partial disability" in the amount of $2,000. As was stated under somewhat similar circumstances in Hidalgo v. Dupuy, La.App. 1 Cir., 122 So.2d 639, 646, certiorari denied: "But because the plaintiff has not produced and in fact cannot produce any evidence of specific monetary loss of earning to prove the special damages alleged by his supplemental petition, does not mean that he is not entitled to any award under the claim of his original petition for general damages for past and future disability, which disability as previously noted is proved. * * *" (Citations omitted.) (Italics ours.)
Although the plaintiff has not proved any specific loss of earnings, we think, as the trial court felt, that (independent of the award of pain, suffering and mental anguish consequent upon his physical injuries) the plaintiff should under the facts of this case be compensated for his proven total disability for approximately *491 one month and for his proven limited or partial disability for an additional 3-4 weeks. An award of $1,500 for such damages resulting from the plaintiff's temporary total and partial disability, in our opinion, will under the circumstances of this case be a fair award.
In summary, as requested by the defendants-appellants we have disallowed the award of $3,750 made by the trial court for "loss of income", but we have as requested by answer to the appeal of the plaintiff-appellee allowed by way of general damages the sum of $1,500 for "total and partial disability". Thus the trial court judgment will be reduced by a net of $2,250.
Accordingly, the trial court judgment is amended by reducing the award from $5,695.11 to $3,445.11; as thus amended, it is affirmed in all other respects.
Amended and affirmed.