TATE, Judge.
This is a personal injury suit arising out of a collision between a motorcycle operated by the plaintiff’s minor son and a motor vehicle driven by the' defendant Cooper’s wife. The plaintiff was awarded $714.50 special damages, individually, and also $750 as administrator of his minor son’s estate for the latter’s pain and suffering.
The sole issue raised by the plaintiff’s appeal is that the latter award of $750 for his minor son’s pain and suffering, is manifestly inadequate. ’ "
The testimony shows that the son was knocked to the ground by the collision and sustained (a) bruises on the back part of *560 the skull and a cerebral concussion producing severé headaches for a few days, (b) a contusion of the right kidney, producing an abnormal count of red blood cells in the urine until the condition cleared up, without residual after six days, and (c) a moderate brush burn along the' son’s right thigh, back and shoulder. This 17 year old boy was hospitalized for nine days, then confined to his home for two weeks, and was thereafter disabled from performing his normal work as a filling station attendant for approximately six weeks. Although the boy still complained of recurrent . headaches at the time of the trial, his attending physician felt that this patient should have been free of pain from his other injuries at least three or four weeks after the accident and should have been free of headaches at least in six to eight weeks following the accident.
In Jobe v. Credeur, 125 So.2d 487, 488, this Court has recently reiterated the principle applicable to review of awards such as the present: “The trial court has much discretion in the award of general damages for pain and suffering, and the trial court’s award should not ordinarily be disturbed upon appellate review since such awards of necessity are somewhat arbitrary in nature and must vary greatly according to the facts and circumstances of each case; although nevertheless awards should be made so that there is some degree of uniformity in cases involving similar injuries, after taking into account the great variation in circumstances surrounding each injury. * * * ”
In the Jobe case above-cited we awarded $1,000 for a cerebral concussion somewhat comparable to the present, but where kidney injuries and the consequent fear of serious complications (which, fortunately, after a few days proved groundless) were not involved. And in Janice v. Whitley, La.App. 1 Cir., 111 So.2d 852, $750 was awarded for a cut lip and a slight kidney contusion, but where no relatively severe concussion was involved.
Considering all the circumstances of this case, as well as the recent award in McCandless v. Southern Bell Tel. & Tel. Co., 239 La. 983, 120 So.2d 501 of $1500 for roughly comparable injuries, we think that the award for the present minor’s pain and suffering should be increased to $1500.
For the foregoing reasons, the award to the plaintiff as administrator of the estate of his minor son is increased from $750 to the sum of $1500; as thus amended, the judgment is affirmed in all other respects, the defendants-appellees to pay the costs of this appeal.
Amended and affirmed.