SAVOY,-Judge.
This matter is on appeal by defendants from a money judgment rendered in favor of plaintiff. Plaintiff answered the appeal asking that the award made by the trial judge be increased..
The instant case is one in tort and involves an automobile accident which occurred at 5 :00 P.M. on July 29, 1959, on a rainy day at the intersection of Fourth and Church Streets, in the City of Natchitoches, Louisiana, between a car driven by plaintiff and one driven by the minor daughter of John A. Troquille, and his liability insurer.
The trial court awarded plaintiff $5,000.00 for physical injuries and pain and suffering, and special damages of $1,013.15.
The evidence reveals that shortly prior to the accident between the vehicles driven by the above-named parties, it had been raining. Plaintiff was driving her vehicle in a westerly direction on Church Street, and Barbara Troquille was driving her father’s car in a southerly direction on Fourth Street. The respective cars collided approximately in the middle of the intersection of the two streets.
The record also reveals that Fourth Street was accorded the right-of-way by an ordinance adopted by the City Council of *798 Natchitoches, Louisiana, about 1936. There were also placed at the edges of Fourth Street stop signs which had been erected there by officials of the City of Natchi-toches many years prior to the accident. This was testified to by several officials of said City and the minor, Barbara Troquille stated that she was familiar with the stop signs on Fourth Street, and that they' had been there for a long time. The record also reveals that both streets are paved.
Counsel for defendants contends that the cases of National Retailers Mutual Insurance Co. v. Harkness, (La.App., 2 Cir., 1954), 76 So.2d 95; and Kennison v. Grain Dealers Mutual Insurance Company, (La. App., 3 Cir., 1963), 150 So.2d 657, support his position.
Counsel for plaintiff states that the case of Dufore v. Daugereaux, (La.App., 1 Cir., 1960), 122 So.2d 666, is authority for affirming the judgment of the district court as to liability.
Kennison v. Grain Dealers Mutual Insurance Company, supra, is distinguishable from the instant case. In that case both the ordinance and stop signs favored one street over the other.
The cases of National Retailers Mutual Insurance Co. v. Harlcness, supra, and Du-fore v. Daugereaux, supra, are apparently in conflict. This Court is of the opinion that the reasoning used in the latter case should be applied in deciding the instant case.
The Dufore case, supra, involved facts similar to the ones in the instant case. In that case an accident occurred between two vehicles at the intersection of West Ebey Street and Sunset Road in the Town of Church Point, Louisiana. West Ebey Street runs in a north-south direction and is blacktopped. Sunset Road is a gravelled side road, and there is a stop sign on the edge thereof. Defendant was driving his car on Sunset Road, and his attorney contended that since there, was no ordinance passed by the governing authority of the Town of Church Point permitting the erection of stop signs on Sunset Road, and since he was approaching from the right, he should have been accorded the right-of-way by plaintiff driver. The Court of Appeal rejected the contention advanced by counsel for defendant; reversed the ruling of the trial judge; and, in awarding judgment to plaintiff, made the following statement in giving its reasons for judgment, namely:
“In our opinion, the cited decisions insofar as not factually distinguishable do not provide the correct principle to be applied to determination of the question of which was the favored street at the present intersection. The stop-signs inhibiting the entrance of traffic onto West Ebey Street, which had been similarly situated for at least five years, were apparent to motorists on both streets. In allocating fault between motorists' involved in an accident, it seems to us that reasonably prudent motorists should properly rely upon such stop-signs and can properly expect oncoming motorists also to rely upon them. Reasonably prudent motorists should not collaterally attack the constitutional or legal authority by which stop-signs are erected by simply ignoring them, at the peril of being involved in an accident with other traffic which may rely upon such signs. * t- * ”
In Blashfield, Cyclopedia of Automobile Law and Practice, Vol. 2, Sec. 998, at page 242, the following statement appears:
“ * * * where signs or markers have been posted by the proper authorities to the effect that a particular road is of superior classification, it will be regarded as being such so far as concerns the question of right of way, even though not legally established as a road within that particular classification. A driver has the right to assume, unless he knew otherwise, that a sign has been erected by the proper authority.”
*799 Thus, in the instant case, it is our opinion that defendant’s daughter did not act with reasonable prudence in ignoring the stop sign of which she was aware, even though it was not shown to have been erected pursuant to a valid ordinance. We find she was guilty of negligence.
Furthermore, we think that plaintiff was free of contributory negligence. She had a right to assume that this stop sign, which had been there for many years, to her knowledge, was erected by proper authority. As a necessary consequence, she likewise had a right to assume that defendant’s daughter would obey the sign. There is no showing that plaintiff was speeding or that she could have avoided the accident after she saw or should have seen defendant’s daughter was not going to obey the sign.
We do not intend to hold that the mere placing of stop signs by municipal officials, without authority of an ordinance, is sufficient to establish favored streets. This would be in clear contravention of LSA-R.S. 32:247 (as well as the new highway regulatory act of 1962, LSA-R.S. 32:41 A (4)) which provides that local authorities may not establish local traffic regulations, contrary to the state regulations, except by ordinance, etc. See Frey v. Central Mutual Insurance Co., (La.App., 3 Cir., 1963), 150 So.2d 822, (Writ of Certiorari denied). We intend herein to hold only that, under the circumstances of this case, defendant’s daughter was negligent, and plaintiff was free of negligence.
The next matter for determination is that of quantum. The special damages in the sum of $1,013.15 awarded by the trial judge is not in contest. Plaintiff complains that the award of $5,000.00 for a whiplash injury is inadequate, whereas defendants contend it is excessive.
Dr. J. A. Thomas, engaged in the general practice- of medicine, first saw plaintiff shortly after the accident. He was of the opinion that she was suffering from a moderately severe whiplash. He found plaintiff to be overweight and suffering from high blood pressure and arthritis. She was hospitalized from July 29th through August 17th, 1961. Plaintiff was unable to tolerate traction so she was placed in a surgical collar for a period of about eight months. On cross-examination he admitted that the arthritic changes experienced by plaintiff were due to the aging process. At the time of the accident, plaintiff was 53 years of age. His opinion was that the only permanent aspect of the injury sustained by plaintiff was an aggravation to her pre-existing arthritis.
Plaintiff was next seen and examined by Dr. Heinz K. Faludi, a neurosurgeon, on April 14, 1962. The doctor stated that because of plaintiff’s age and obese condition, she would experience more pain than a younger person who was not as heavy as plaintiff. Dr. Faludi was of the opinion that plaintiff had suffered a moderately severe cervical sprain which involved the ligamental-muscular together with an occipital neuralgia. He also found a mild sprain of the thumb. The doctor found plaintiff to have a permanent disability of from eight to ten per cent.
Dr. Ray E. King examined plaintiff on August 31, 1962. He is an orthopedic surgeon. Dr. King examined X-ray film made of plaintiff’s neck and right hand, and found them to be negative. He felt that the subjective symptoms complained of by plaintiff were not substantiated from his examination. He found plaintiff had generalized osteoarthritis which was present for a long time, and said these arthritic changes could be causing some difficulty.
Dr. Willis J. Taylor, an orthopedic surgeon, examined plaintiff on March 28, 1962. He made a physical examination of plaintiff, and also examined X-rays made of the patient. He found that plaintiff had fully recovered from her injuries at the time of his examination.
Considering that there is substantial medical evidence that plaintiff’s arth *800 ritic condition was permanently aggravated because of the accident which she sustained in the instant case, we are of the opinion that the award made by the trial judge is not out of line with the jurisprudence of this State.
Plaintiff also complains of the ruling of the trial judge in not allowing her damages for loss of wages and damage to clothing resulting from the accident.
After an examination of the record, we are of the opinion, as was the trial judge, that these items were not proved with sufficient certainty so as to form the basis for an award.
For .the reasons assigned, the judgment of the district court is affirmed. Appellants to pay costs of this appeal.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.