GLADNEY, Judge.
This action in tort is for personal injuries and damages arising from an automobile collision on June 5, 1960, at the intersection of Greenwood and Jewella Roads, in Shreveport, Louisiana. The plaintiffs are Doloris Ann Bunch, the owner of the damaged automobile, her collision insurer and subrogee, Allstate Insurance Company, and Carol Landis Bunch. Named defendants are Marvin R. Gay and his liability insurer, Canal Insurance Company. The accident occurred when the automobile driven by Gay struck the Bunch vehicle from the rear as it was stopped in obedience to a red semaphore traffic light. The trial court found the sole and proximate cause of the accident was the negligence of Marvin R. Gay and rendered judgment against defendants in favor of Doloris Ann Bunch in the amount of $160.00, in favor of Allstate Insurance Company in the amount of $407.78, and in favor of Carol Landis Bunch in the amount of $570.00. Following the rendition of judgment defendants deposited in the registry of the court a sum equal to the amount of the judgment, with interest and costs. Plaintiffs have appealed from the judgment assigning error as to the awards to Doloris Ann Bunch and Carol Landis Bunch, and asking that said amounts for pain and suffering, loss of wages and medical expenses, be increased.
After a careful examination of the record we find that the injuries received by the two plaintiffs were not disabling and were not of a serious nature. Doloris Ann Bunch testified that she was just sore from the accident, that bruises on her legs were black and blue but the skin was not broken, and otherwise she was not injured. She was examined by Dr. J. D. James of Sum-merville, South Carolina, on June 7th, whose *270 report was filed in the record in lieu of his testimony. His findings were as to Doloris: “Bruises and contusions to left knee — good range of motion — advise heat and observation — prognosis for complete recovery: good.” Doloris stated that she remained in South Carolina for three weeks and that she was not sore very much when they returned to Los Angeles, California. The damages awarded to Doloris by the trial court included $50.00 property damage, $10.00 medical expenses, and $100.00 for personal injuries.
The injuries allegedly received by Carol Landis Bunch were: a laceration on her left forehead, a whiplash injury to her cervical area, a contusion to the lower spine and an injury to the lower spine. Carol was examined but once by Dr. James, on June 7, 1960, upon the same date he made an examination of Doloris Ann Bunch. Over seven months later, on January 23, 1961, Carol Landis Bunch was examined by Dr. Eugene Saber of Los Angeles, and on a number of occasions thereafter. On December 5, 1959, Dr. Saber had, prior to the-accident, treated her for a foot condition and authorized treatment at U. C. L. A. where she had received a medical check-up as to her foot and back. This plaintiff was also examined by Dr. Ben Frees of Los Angeles on July 10,1962, and by Dr. Alberto A. Marinacci, also of Los Angeles, on the same date. Both examinations were for evaluation purposes and all findings were negative.
The report of Dr. James stated as to his examination of Carol:
“As car hit, head flew back — now increasing pain in cervical region — some pain in lower thoracic spine — physical examination reveals spasm of paravertebral muscles. Impression: Whiplash injury to cervical area — contusion to lower spine — treated ultrasonic application and muscle relaxants —to use heat. Prognosis: Guarded — to report to local family doctor for further care when returned home.” It is significant that Dr. James made no mention of an injury to the left forehead. Nor was a whiplash injury mentioned to Dr. Saber when Carol visited him on January 23, 1961, At that time Dr. Saber stated she complained of her back and upon examination observed lumbar scoliosis. He prescribed treatment for the back condition, which was diagnosed as a chronic lumbosacral sprain, from which pain was experienced intermittently. He opined such pain was sometimes stimulated by poor posture, resulting from the scoliosis. There was no affirmative medical testimony that the back condition was causally related to the accident. Doloris Ann Bunch testified that her sister immediately after the accident was sore, her eyes were “black and blue” and that she did not complain of her back until some two months or more after returning to Los Angeles.
The evidence fails to establish proof that either of the plaintiffs suffered injuries of a serious or permanent nature and the complaints of Carol Landis Bunch as to her back appear to result from a chronic condition that existed prior to the accident, which is not shown to have been aggravated.
Generally, our jurisprudence recognizes that awards for pain annd suffering cannot be determined with exactness. The courts, not infrequently, do endeavor to maintain a measure of uniformity by using determinations in previous cases as the guide. In its final analysis, however, ascertainment of the quantum in each case must be resolved on the basis of its own factual circumstances, and it must be recognized that the rendition of any decision as to quantum necessarily involves somewhat of an arbitrary determination as to the monetary award for pain and suffering. Awards may vary greatly according to the facts and circumstances in each case. Accordingly a principle generally accepted by appellate courts is that an award of the trial judge for pain and suffering rests largely in his discretion and ordinarily will not be disturbed. Ford v. State Farm Mutual Auto *271 mobile Insurance Company, La.App., 139 So.2d 798, 799, 800 (2d Cir. 1962).
For the reasons hereinabove set forth we find no error in the judgment from which plaintiffs have appealed, and it is affirmed at appellants’ cost.