AYRES, Judge.
This is a companion case to that of Bodan et ux. v. American Employers’ Insurance Company et al., La.App., 160 So.2d 410, and with which it was consolidated for trial.
The issues relating to the question of liability were resolved in the companion case. Hence, there remains for determination only the matter of an award to compensate plaintiff for the injuries sustained, medical expenses incurred, and for loss of wages. From a judgment in plaintiff’s favor, defendants have appealed and plaintiff has answered the appeal praying for an increase in the award for injuries, as well as for an allowance for lost wages.
*401 With reference to plaintiff’s injuries and the compensation therefor, the trial court, in a written opinion, stated:
“Miss Myrtis A. Pitts claims damages for the following- injuries: (1) a concussion; (2) a moderate whiplash injury; (3) an impairment of hearing. She further claims damages for mental anguish and pain, special damages for hospital, medical and drug expenses and loss of wages. Miss Pitts was taken to the hospital immediately after the accident, suffering from a concussion, minor abrasions and contusions and musculo-ligamentous strain. She was hospitalized for approximately five days. Treatment of her complaints was by oral medication and rest. No traction was used for the strain at any time during her period of recovery. She was hospitalized again within. a month for about three days, after fainting and injuring her knee while leaving the hospital during a visit to the doctor. Dr. Flinn, an eye, ear, nose and throat specialist, found that her complaint as to hearing was primarily of an old origin. He did find a blood clot in one ear but no disability or impairment of hearing is particularly attributed to this blood clot. Approximately eight months after the accident complained of here, Miss Pitts was injured when her car was struck from the rear by a bus. Her complaints were that the pain suffered after this accident was the same pain which had resulted from the first accident. Dr. Altenberg, who saw her for a thirty-minute examination three or four weeks after the second accident, found tenderness and spasm of the muscles on the left side.
“Considering Dr. Cannon’s report, the testimony of Dr. Wright, Dr. Alten-berg and Dr. Flinn, the Court finds that plaintiff, Myrtis A. Pitts, did suffer a concussion and a muscle strain of the cervical region, or what is commonly called a mild whiplash injury. The Court finds no impairment of hearing as a result of the accident. It is-apparent that Miss Pitts’ period of recovery has been extended and is longer than usually required in this type of injury. The doctors, however, do not doubt that her complaints are sincere and accurate ’and that Miss Pitts has suffered a degree of pain for a considerable time. She has complained of headaches and back discomfort since the accident. The Court would award $3000.00 for the injuries and resulting pain suffered as a result of this accident. The Court would allow $707.11 for medical expenses. Defendant contends that the hospitalization one month after the accident was not as a result of the accident. The Court finds to the contrary that said hospitalization resulted from the injuries suffered in the accident and as a direct consequence thereof.
“Plaintiff claims in excess of $1000.-00 for wages lost during a period of twelve weeks when she was unable to work. Plaintiff was paid a base pay of $71.00 per week during this twelve weeks under sick and disability benefits provided by the employer. Her actual loss during the twelve-week period was $20.14 per week, which she would have earned above her base pay. This would total $241.68 for the twelve weeks of absence from work. Plaintiff contends that she should receive her full pay and that the case of Chandler v. F. Strauss & Son, [La.App.] 194 So. 133, is controlling herein. In the Chandler case the plaintiff, by receiving sick leave pay from the company, jeopardized future sick leave and even vacation benefits. In the instant case the contract of employment shows that after thirteen weeks of work following sick leave, full benefits are restored to the employee. More than thirteen weeks of continuous work followed the absence of Miss Pitts prior to the hearing of this suit and, therefore, the payment of the gratuity during her *402 absence has not j eopardized any future situation during her employment. Only •her loss is compensable, and in this case her loss is limited to the $20.14 per week.”
However, as urged in plaintiff’s action to the appeal, we take note of her complaint that a whiplash type injury, such as she sustained, has been evaluated at the sum of $3,500.00. Lawrence v. Great American Indemnity Co. of N. Y., La.App. 2d Cir., 1958, 107 So.2d 338 (writs denied).
An award of $3,000.00 to a woman who sustained a whiplash injury to her neck, and who spent four days in a hospital under treatment consisting of traction and medicine for relief of pain, and who, on release from the hospital,-remained in traction for an additional five or six weeks, but who completely recovered from the injuries, was held neither excessive nor inadequate.
In addition to the whiplash injury, plaintiff sustained a concussion of the brain which rendered her momentarily unconscious and dazed during several hours following the accident. She also experienced a loss of equilibrium for several weeks and was afflicted with dizziness, a sympton of a concussion by which she suffered a temporary loss of hearing. A blood clot was found inside her ear which evidenced that the concussion was severe. Severe and intermittent headaches, which plaintiff had never before experienced, followed the accident.
In addition to the aforesaid injuries, plaintiff sustained nervous shock, and experienced mental anguish, as a result of the accident, a state of anxiety and fear she would not be able to resume her work, necessary for her own livelihood as well as support for her minor daughter.
For a concussion of the type plaintiff sustained, an award of $1,250.00 was made in the case of Coleman et vir. v. Shreveport Railways Company, La.App. 2d Cir., 1956, 86 So.2d 590, and, in a comparable case of nervous shock, mental anguish, and anxiety, an award of $1,000.00 was made in Jobe v. Credeur et al., La.App. 3d Cir., 1961, 125 So.2d 487.
In view of the awards in the above enumerated, as well as other cases, and in consideration of plaintiff’s injuries as a whole — that is, personal injuries, pain, suffering, nervous shock, mental anguish, concussion of the brain, as well as her whiplash type of injury- — we have concluded that the award for such injuries is manifestly inadequate and should be increased to $4,500.00.
For the reasons assigned, the judgment appealed is amended by increasing the award in principal to $5,452.75 and, as thus amended, is affirmed at defendants-appellants’ cost.
Amended and affirmed.