AYRES, Judge.
This is an action in tort wherein plaintiff Mrs. Nora G. Williamson seeks to recover damages for personal injuries sustained by her in a motor vehicle collision of April 21, 1962, and wherein plaintiff Albert W. Williamson seeks to recover hospital and medical expenses incurred in the treatment of his wife. Involved in the collision were a Mercury automobile owned and operated by Buford B. Young, with whom plaintiff Mrs. Williamson and her two daughters were riding as guest passengers, and a Dodge school bus owned and operated by the defendant Will H. Stewart. Made defendant in addition to Stewart is his liability insurer. The defendants made Young a third-party defendant and sought to have him held liable jointly and in solido with them in any judgment rendered against them.
The accident occurred at the intersection of State Route IS, an asphalt-surfaced thoroughfare, and an unimproved road known locally in Franklin Parish as the Old Rayville-Mangham Road. Both vehicles were proceeding in an easterly direction, with the school bus in the lead. The Mercury automobile overtook the bus near the aforesaid intersection. The collision resulted when the car attempted to pass the bus.
Negligence charged to defendant Stewart included an attempt to effect a left turn at a dangerous, unmarked intersection without signalling an intention to do so and without having first ascertained that he could complete the maneuver in safety, and suddenly, without warning, stopping in the center of the highway, as well as a failure to keep a proper lookout. The defense charged that Young was guilty of negligence, constituting the sole cause of the accident, in attempting to pass the school bus at an excessive rate of speed, notwithstanding the near approach of oncoming traffic.
The trial court concluded that Stewart’s negligence constituted the sole cause of the accident and accordingly held defendants liable to Mrs. Williamson in the sum of $4,000 and to Mr. Williamson in the sum of $617. From a judgment accordingly rendered and signed, defendants prosecute this appeal.
The defendants concede that Young’s negligence, if any, was not imputable to Mrs. Williamson. The issues presented by this appeal are therefore reduced to the question as to whether the accident resulted from the negligence of either Young or Stewart, or from the combined negligence of both. The issue is factual in character and must be determined on a basis of the evidence contained in the record.
On the question of liability, testifying on behalf of plaintiffs were Mrs. Williamson and Young. The consensus of this testimony is that Young, accompanied by Mrs. Williamson, was driving easterly on State Route IS at a moderate and lawful rate of speed not exceeding 60 m. p. h.; that Young overtook the school bus and attempted to pass to its left, but, on observing that Stewart was attempting to make a left turn without having given any signal of his intention to do so, applied his brakes, reduced his speed, and attempted to pass to the rear or to the right of the bus. Stewart then suddenly brought his bus to a halt with the front end extending across the left lane and the back end across the right lane, thus effectively blocking the highway, creating a sudden emergency from which Young was unable, by the exercise of due care and precaution, to extricate himself or to prevent the accident.
Stewart testified that he never intended to make a left turn at the scene of the accident ; nor did he attempt such a maneuver. Notwithstanding the sounding of the horn *292 on Young’s car, Stewart was oblivious to the approach or presence of the Young automobile until momentarily before the occurrence of the accident. Nor does the evidence establish there was any oncoming traffic in the vicinity of the accident.
An observation may be made that the facts disclosed by an investigation conducted by a member of the state police corroborated and supported the testimony of plaintiffs’ witnesses, particularly as to the position of the vehicles at the time of the collision. A conclusion, based on a preponderance of the testimony, is inescapable that Stewart’s negligence constituted the sole cause of the accident, and that, accordingly, he and his surety should respond to the plaintiffs in damages.
Following the accident, Mrs. Williamson was taken to Rogers Clinic in Winnsboro where she was x-rayed, examined, and treated for bruises, cuts, and contusions. She was, however, permitted to return home, where she was confined to bed for a period of five days during which her pain and suffering became so intense and unbearable that she was returned to the clinic where she remained under hospitalization for six additional days. Thereafter, she was again permitted to return home where she was confined to bed for an additional 10-day period.
Mrs. Williamson sustained a whiplash-type injury. With reference to this type of injury, Dr. Samuel Carriere, Jr., testified that, from the tremendous force applied, there was considerable flexion and extension of the head on the shoulders and, even though there might not be any displacement or fracture of the bones, there could be considerable tearing of the muscles and ligaments, accompanied by a collection of blood under these ligaments and within or under the muscles themselves; and that the irritation caused thereby could leave quite a bit of scar tissue, requiring considerable time to clear up completely, and, even then, leave some residual pressure on the adj acent structures and continue to cause pain. Pain and suffering were characterized as severe in the area of plaintiff’s cervical spine and continued to the date of trial on May 9, 1963.
All the physicians testifying were of the opinion that Mrs. Williamson’s pain and suffering were real and there was no exaggeration or falsification in this respect. The duration of such pain could not be predicated with any degree of exactitude, nor the ultimate outcome of plaintiff’s injury. Periods ranging from six months to two years, or even longer, were indicated to not be unusual.
The facts and circumstances of this case support the award as made by the trial court. While the ascertainment of the quantum of an award in such case must be resolved on the basis of its own factual circumstances, it is recognized that the rendition of any decision as to quantum necessarily involves somewhat of an arbitrary determination. Bunch v. Gay et al, La.App. 2d Cir., 1963, 155 So.2d 269. Nevertheless, the award as made in this case is well within the pattern of awards reflected in similar cases. For instance, in Baker v. United States Fire Insurance Co., La.App. 1st Cir., 1956, 89 So.2d 405, $5,600 was awarded to a man for a whiplash-type injury who had tenderness in and restriction of his neck, and where he had been hospitalized for one week and treatment was later pursued at home under traction.
Six thousand dollars was awarded to a woman for injuries in the nature of a whiplash type to the cervical spine, accompanied by considerable pain, in Bartholomaus v. H. G. Hill Stores, La.App. Orleans, 1957, 97 So.2d 82.
In Dillon v. Pope et al, La.App. 1st Cir., 1959, 110 So.2d 229, $5,000 was awarded to a 12-year-old child for a whiplash injury producing irritation of the cervical nerve, from which she suffered over a year. An award of $4,000 was made to a woman sustaining similar injuries in Harvey et ux v. Great American Indemnity Company et al, *293 La.App. 2d Cir., 1958, 110 So.2d 595, and an identical amount was awarded to a man in Mercante v. Southern Bell Telephone & Telegraph Co. et al, La.App. 1st Cir., 1963, 148 So.2d 875. Other cases where similar awards were made are: Watts et al v. Delta Fire & Casualty Company et al, La. App. 1st Cir., 1958, 106 So.2d 752; Self et ux v. Johnson et al, La.App. 3d Cir., 1960, 124 So.2d 324; Alexander v. State Farm Mutual Automobile Ins. Co. et al, La.App. 1st Cir., 1962, 148 So.2d 898; Scott v. Grain Dealers Mutual Insurance Company, La.App. 3d Cir., 1963, 154 So.2d 796.
We find no manifest error in the conclusion of the trial court as to the award made in the instant case, nor in the award of hospital and medical expenses made to plaintiff Albert W. Williamson.
The judgment is, therefore, affirmed at defendants-appellants’ cost.
Affirmed.